258 A.2d 271.

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 *et al. vs.* CHRYSLER MOTORS CORPORATION *et al.*

NOVEMBER 7, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. On July 3, 1968, International Union of Operating Engineers, Local 57, and John A. White, filed a

complaint against Chrysler Motors Corporation and Philip Dwares Company. The complaint, which is entitled "Complaint On A Contract of Sale," alleges that on February 28, 1966, the defendant Dwares Company sold the plaintiff a 1966 Chrysler Imperial automobile which was manufactured by the defendant Chrysler Corporation; that defendants warranted that said automobile was reasonably fit for the general purpose for which it was sold, namely, for use as a passenger automobile, and that the plaintiff relied upon such warranties in purchasing said automobile; that on March 17, 1966, the plaintiff White, business agent for Local 57, while in the exercise of due care and operating. the automobile in the city of Pawtucket, was injured in an accident caused by the failure of the engine of the automobile to return to idle when the accelerator was released; that the automobile had a defective throttle control cable which caused the failure of the engine to return to idle, which in turn caused the accident; that as a result of the breach of warranty of the defendants, plaintiff White sustained bodily injury and suffered loss of wages and great pain of body and mind.

The defendant Chrysler Corporation filed an answer and a motion to dismiss. Insofar as pertinent here, Chrysler Corporation based its motion to dismiss White's action on the following grounds:

"1. The complaint alleges a right of action for personal injury to the said John A. White, but does not allege that said action accrued any time within two years next before the commencement of this action.

"2. The complaint as to John A. White fails to state a claim upon which relief can be granted in that the injury was sustained on March 17, 1966, and the summons was not issued until July 3, 1968, more than two years after the accrual of said right or cause of action for personal injuries."

The motion to dismiss was heard by a justice of the

Superior Court who held, in a very brief decision, that defendant Chrysler Corporation could not be sued in contract; that it could only be sued in tort for personal injuries; and that, therefore, the statute of limitations had run. He did not pass on the effect of the statute of limitations on the other defendant, that matter being left for determination at a later time. An order was entered granting defendant Chrysler Corporation's motion and dismissing plaintiff White's action against Chrysler Corporation with prejudice on the ground that White did not commence his action within two years from the happening of the accident.

The narrow question raised by this appeal is whether the time for bringing the instant action is governed by the statute of limitations set forth in §6A-2-725 of the Uniform Commercial Code or by G. L. 1956, §9-1-14.

We originally heard oral arguments in this case on April 9, 1969. After that hearing, because we desired further argument on the question set forth above, we caused an order to be entered (255 A.2d 170) requesting the parties to file additional briefs limited to a consideration of the following question:

> "Does §6A-2-725 of the Uniform Commercial Code impliedly repeal G. L. 1956, §9-1-14 in cases involving actions for breach of warranty resulting in injuries to the person?"

We also asked for a statement as to who purchased the motor vehicle involved in this case. (See 106 R. I. 810-11, 255 A.2d 170.) The parties complied with such order and presented oral arguments on the supplemental briefs on October 7, 1969. Plaintiff White stated in an appendix to his brief that the automobile in question was purchased by Local 57 for his use.

Section 6A-2-725 reads as follows:

> "Statute of limitations in contracts for sale.—(1)

An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it."

Section 6A-2-715 (2) (b) provides that consequential damages from the seller's breach include:

"(b) injury to person or property proximately resulting from any breach of warranty."

The plaintiff contends that he can sue for breach of warranty even though there was no privity of contract, and that, therefore, the instant action is controlled by the four-year statute of limitations set forth in §6A-2-725. He cites certain articles and several cases which deal with the question of privity.

The defendant Chrysler Corporation's position is that since this is an action for personal injuries, it is governed by G. L. 1956, §9-1-14, and is barred because it was not commenced within two years after its accrual. We agree. Insofar as pertinent here, that section reads as follows:

"Actions for injuries to the person shall be commenced and sued within two (2) years next after the cause of action * * * ."

That portion of §6A-2-315, as amended, by P. L. 1961, chap. 144, sec. 1, referred to by plaintiff White in his original brief deals only with foodstuffs or drinks sold for human consumption in sealed containers and is therefore not applicable to the facts of this case. Nor are the cases cited by plaintiff in point. *Buszta* v. *Souther*, 102 R.I. 609, 232 A.2d 396; *Rampone* v. *Wanskuck Buildings, Inc.*, 102 R.I. 30, 227 A.2d 586, and *Minutilla* v. *Providence Ice Cream Co.*, 50 R.I. 43, 144 A. 884, were actions of trespass on the case for negligence and did not involve any question relating to the statute of limitations. *Gardiner* v. *Philadelphia Gas Works*, 413 Pa. 415, 197 A.2d 612, and *Engelman* v. *Eastern Light Co.*, 30 Pa. D. & C.2d 38, are distinguish-

able on their facts from the case at bar. Those cases were governed by the Uniform Commercial Code §2-725, but each involved an action by the buyer against the seller for breach of a sales contract. Section 6A-2-715, provides for a buyer's incidental and consequential damages from a seller for breach of a sales contract. White was not a buyer and Chrysler Corporation was not a seller. In short, the Uniform Commercial Code does not apply to this case because there was no buyer-seller relationship.[1] See *Henry v. J. W. Eshelman & Sons*, 99 R.I. 518, 525, 209 A.2d 46, 50,[2] and Donovan, *Recent Development in Products Liability Litigation in New England: The Emerging Confrontation Between the Expanding Law of Torts and the Uniform Commercial Code*, 19 Maine L. Rev. 181, 197-198, 232 (1967).

Since we have decided that the Uniform Commercial Code does not apply to the facts of this case, we do not reach the question whether §6A-2-725 impliedly repeals §9-1-14.

On this record the trial justice correctly applied the two-year statute of limitations. The order entered in the Superior Court is affirmed.

*Mildred W. Tracey, Frank J. McGee,* for plaintiffs.

*Carroll, Kelly & Murphy, Joseph A. Kelly,* for defendants.

---

[1] The Rhode Island Legislature has recently acted in this area by amending §6A-2-318. P. L. 1969, chap. 202, sec. 1.

[2] See *Klimas v. International Tel. & Tel. Corp.*, 297 F. Supp. 937, 939-940.