290 A.2d 607.

HENRY S. KELLY *et al. vs.* FORD MOTOR COMPANY *et al.*

MAY 8, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This civil action was brought in the Superior Court by Henry S. Kelly and his daughters, Marie L. and Eileen A., against the Ford Motor Company and B. A. Dario Co., a Rhode Island Ford dealer. The daughters have appealed an order which dismisses the action as to them for their failure to state claims upon which relief could be granted.

The allegations found in the complaint may be briefly stated. On July 20, 1967 the father purchased a new 1967 Ford Mustang from B. A. Dario Company. Several months later, *viz.*, October 15, 1967, Marie was operating that vehicle on a public highway when it went out of control due to a defective steering mechanism and crashed into a pole. She sustained serious injuries as did her sister Eileen who was a passenger in the automobile. On October 1, 1970, more than two but less than four years after both the purchase of the automobile and the collision, this

action was commenced by the father and his two daughters. The daughters claim damages resulting from the personal injuries sustained in the accident, and the father seeks reimbursement for the substantial expenses he incurred for the repair and depreciation of his automobile which had been damaged in the accident.

Following the filing of the complaint, the Ford Motor Company moved to dismiss for plaintiffs' failure to state claims upon which relief could be granted and advanced as grounds therefor (1) that there was no privity between any of the plaintiffs and it; and (2) that the action on behalf of the daughters had not been commenced within the period permitted by law. The trial justice ruled that the statute of limitations had run against the daughters' claims for personal injuries and he granted the motion to dismiss as to them on that ground. At the same time he denied the motion to dismiss the father's claim for property damage. The two daughters have appealed.

The daughters devoted most of their brief as well as a substantial portion of their oral argument to urging that the absence of a direct contractual relationship between them and the Ford Motor Company should not insulate that company from liability in these proceedings. They need not have belabored that contention inasmuch as we have abandoned the requirement of privity in cases "* * * resulting from injuries sustained by a user or consumer of a product rendered dangerous for * * * use by reason of the negligence of the producer or distributor thereof in its design, manufacture, preparation, or packaging." *Ritter* v. *Narragansett Electric Co.*, 109 R. I. 176, 186, 283 A.2d 255, 260-61 n. 3 (1971). See *Rampone* v. *Wanskuck Buildings, Inc.*, 102 R. I. 30, 227 A.2d 586 (1967); *Henry* v. *John W. Eshelman & Sons*, 99 R. I. 518, 209 A.2d 46 (1965) (Joslin and Roberts, JJ., concurring).

There remains, then, only the question of whether this

action was brought within the time permitted by law and the answer to that question depends upon whether the controlling limitations period is found in G. L. 1956 (1969 Reenactment) §9-1-14 or in §6A-2-725 of the Uniform Commercial Code. The former says that "[a]ctions for injuries to the person shall be commenced and sued within two (2) years next after the cause of action shall accrue, and not after"; and the latter, in pertinent part, that "[a]n action for *breach of any contract for sale* must be commenced within four (4) years after the cause of action has accrued." (emphasis added)

On this question the trial justice ruled that *International Union of Operating Engineers Local 57* v. *Chrysler Motors Corp.,* 106 R. I. 248, 258 A.2d 271 (1969) was dispositive. There the plaintiff-union had purchased a motor vehicle from a local dealer for the use of its business agent, John A. White, also a plaintiff. While operating the vehicle, White was injured in an accident directly attributable to a defectively-manufactured throttle control cable. We held that the suit was barred because it was not commenced within the two-year limitation period prescribed by §9-1-14.

The Kelly daughters attempt to distinguish the two cases. Initially, they refer to the *International Union* case where we said that White was not a buyer and Chrysler not a seller, that the Uniform Commercial Code applies only if there is a buyer-seller relationship between the parties, and that for those reasons the two-year limitation period of §9-1-14, rather than the four-year period of §6A-2-725, controlled. Using those statements as a springboard the daughters argue that this case is different because here application of §6A-2-318 either as originally

enacted or as amended by P. L. 1969, ch. 202, §1,[1] results in their acquiring the status of their father who unquestionably was a buyer, and that by virtue of the acquisition of that status the seller's warranties, be they express or implied, extended to them. The short answer to this argument is that irrespective of the daughters' acquired status as buyers, Ford was a manufacturer, not a seller. Hence, there was no buyer-seller relationship between them and Ford. In these circumstances *International Union of Operating Engineers Local 57* v. *Chrysler Motors Corp.* *supra*, unqualifiedly says that an action for personal injuries is controlled by §9-1-14 and is barred unless commenced within two years after its accrual.

The daughters further argue that the 1969 amendment to §6A-2-318,[2] which gives them a direct right of action against Ford, the manufacturer of their father's Mustang, somehow carries with it the four-year limitation period of §6A-2-725. Section 6A-2-318, as originally written, permitted the members of a buyer's family or household or his guests to claim the benefit of a seller's warranties; as amended, it provides that a manufacturer's or a packer's warranty, as well as that of a seller, shall extend to "any

---

[1]As originally enacted, §6A-2-318 read:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

The amended version reads as follows:

"A seller's or a manufacturer's or a packer's warranty whether express or implied including but not limited to a warranty of merchantability provided for in §6A-2-314, extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty. A seller or a manufacturer or a packer may not exclude or limit the operation of this section."

[2]See n. 1.

person who may reasonably be expected to use, consume or be affected by the goods * * *." The underlying purpose of both the original and the amended versions was to give a class of third-party beneficiaries the benefits of the same warranties that a buyer theretofore had received in a contract of sale and thereby to free those beneficiaries from any technical rules of "privity." Comment, Uniform Commercial Code §6A-2-318. Neither in its original nor its amended form was it designed to alter §6A-2-725 which establishes a four-year limitation period for the breach of any contract of sale. Finally, §6A-2-318, as amended, says nothing whatsoever about what limitation period governs an action for the breach of a manufacturer's obligations to a third-party beneficiary.

The appeal of the two Kelly daughters is denied and dismissed, the order appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts, with whom Mr. Justice Kelleher joins, concurring. This cause of action having accrued before the amendment to §6A-2-318, our decision in *International Union of Operating Engineers Local 57* v. *Chrysler Motors Corp.*, 106 R. I. 248, 258 A.2d 271 (1969), is controlling. Therefore, I concur in the result reached here by the majority.

However, I cannot agree at this time with their conclusion that the 1969 amendment to §6A-2-318 does not extend the application of the four-year statute of limitations under §6A-2-725 to a warranty action of this kind arising since 1969 under Chapter Two of our Uniform Commercial Code. *Gardiner* v. *Philadelphia Gas Works*, 413 Pa. 415, 197 A.2d 612 (1964); *Layman* v. *Keller Ladders, Inc.*, 224 Tenn. 396, 455 S.W.2d 594 (1970).

*Keenan, Rice, Dolan & Reardon, Roderick A. J. Cavanagh,* for plaintiffs.

*Francis V. Reynolds, Paul V. Reynolds,* for Ford Motor Company, defendant.