**Barbara J. REID, Plaintiff-Appellant,**

v.

**VOLKSWAGEN OF AMERICA, INC., a Foreign Corporation, Defendant-Appellee.**

No. 74–1576.

United States Court of Appeals, Sixth Circuit.

March 21, 1975.

William J. Garlington, Garlington & Smiley, Jack R. Sluiter, Wyoming, Mich., for plaintiff-appellant.

Peter R. Tolley, Vander Veen, Freihofer & Cook, Grand Rapids, Mich., for defendant-appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

EDWARDS, Circuit Judge.

The diversity of citizenship jurisdiction of the federal courts requires us to decide this close, complicated and undecided question of Michigan law. It also requires us to risk "the hazards of prophecy"[1] as to how the Michigan Supreme Court will ultimately decide the same issue. Although our decision itself may directly affect relatively few Michigan cases, it could, if similarly decided by the Michigan Supreme Court, have enduring ramifications on Michigan's products liability law. If the Michigan Supreme Court ultimately decides to adopt a different view than ours, that too will have wide ranging results, and it would leave our instant decision applicable only to the case immediately at hand.

1. Nichols v. Eli Lilly & Co., 501 F.2d 392, 393 (10th Cir. 1974).

The facts underlying this appeal as alleged in plaintiff's complaint are simple—if that cannot be said of anything else which will follow.

Barbara Reid, the plaintiff, was injured April 19, 1969, when the new Volkswagen which she was driving was struck from the rear by another automobile. Plaintiff had purchased the Volkswagen approximately one month earlier from an authorized Volkswagen dealer. Plaintiff alleges that the Volkswagen she was driving was manufactured and distributed by defendant-appellee, Volkswagen of America, Inc. She also alleges that she was injured in the accident by reason of the fact that on impact, the left front seat of the Volkswagen broke loose from the floor of the car, causing plaintiff to be thrown about the car, resulting in injuries for which she seeks damages.

On August 14, 1972, plaintiff filed this suit in the United States District Court for the Western District of Michigan, Southern Division, claiming that her injuries resulted from defendant's breach of express and implied warranties of fitness of the automobile, citing two sections of Michigan's Uniform Commercial Code, M.S.A. § 19.2313 (M.C.L.A. § 440.-2313 (1967)) and M.S.A. § 19.2315 (M.C.L.A. § 440.2315 (1967)).

The filing date was more than three years and less than four years after the happening of the accident. Defendant promptly filed an answer, claiming plaintiff's claim was barred by the general statute of limitations. M.C.L.A. § 600.-5805 (1968), which provides:

*Injuries to person or property*

No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

(1) The period of limitations is 2 years for actions charging assault, battery, and false imprisonment.

(2) The period of limitations is 2 years for actions charging malicious prosecution.

(3) The period of limitations is 2 years for actions charging malpractice.

(4) The period of limitations is 2 years for actions against sheriffs charging misconduct or neglect of office by themselves or their deputies.

(5) The period of limitations is 2 years after the expiration of the year for which a constable was elected for actions based on his negligence or misconduct as constable.

(6) The period of limitations is 1 year for actions charging libel or slander.

(7) *The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property.* (Emphasis added.)

Plaintiff thereupon moved to strike defendant's affirmative defense, citing M.C.L.A. § 440.2725(1) (1967), the Michigan Uniform Commercial Code limitation section for contract actions applicable when consequential damages include personal injuries, which provides:

*Statute of limitations in contracts for sale, contractual reduction; accrual, tolling*

(1) *An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued.* By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it. (Emphasis supplied.)

Another section of the Michigan Uniform Commercial Code authorizes a breach of warranty action for consequential damages which result in personal injuries:

*Buyer's incidental and consequential damages*

\* \* \* \* \* \*

(2) Consequential damages resulting from the seller's breach include

\* \* \* \* \* \*

(b) injury to person or property proximately resulting from any breach of warranty.

M.C.L.A. § 440.2715(2)(b) (1967).

Michigan's Uniform Commercial Code containing the limitation provision above had been adopted in 1962, to be effective in 1964. The tort limitation statute previously quoted was last reenacted in 1961, to be effective in 1963—one year prior to the Michigan Uniform Commercial Code. The Code, however, contained no general repealer section and made no reference to the three-year personal injury limitation in the earlier general limitation statute.

■ The question in this case, therefore, is whether a products liability personal injury action in Michigan is governed by Michigan's general personal injury limitation of three years, or Michigan's Uniform Commercial Code limitation of four years.

Both parties have assured us that the Michigan courts have not decided this question. The District Judge held that the three-year statute applied and cited and relied upon three Michigan cases: State Mutual Cyclone Insurance Co. v. O & A Electric Cooperative, 381 Mich. 318, 161 N.W.2d 573 (1968); Baatz v. Smith, 361 Mich. 68, 104 N.W.2d 787 (1960); Harrington v. Nelson, 32 Mich.App. 347, 188 N.W.2d 679 (1971).

All of these cases, however, deal with causes of action accruing prior to Michigan's adoption of the Uniform Commercial Code. While we recognize that these cases do (as the District Judge held) apply the Michigan three-year statute of limitations, none of them dealt with or in anywise settled our current question.

The only discussion of our instant problem is to be found in Parrish v. B. F. Goodrich Co., 46 Mich.App. 85, 207 N.W.2d 422 (1973), where the Michigan Court of Appeals specifically reserved decision on the Michigan Uniform Commercial Code limitation:

Under this interpretation we need not decide whether the limitation period in causes of action seeking recovery for personal injury on breach of warranty theory is three years according to *State Mutual Cyclone Insurance Co., supra,* or four years, according to M.C.L.A. § 440.2725, *supra,* since plaintiffs filed their complaint within three years of discovery of the breach.

Parrish v. B. F. Goodrich Co., *supra* at 91, 207 N.W.2d at 426.

This case is now pending on appeal to the Michigan Supreme Court, but it appears unlikely to us that it necessitates decision of the question we must decide.

The question of application of the tort statute of limitations versus the applicable state version of the Uniform Commercial Code statute of limitations has divided the courts which have written on the subject. The following apply the tort limitation: Natale v. Upjohn Co., 356 F.2d 590 (3d Cir. 1966) (Delaware law); Tyler v. R. R. Street & Co., 322 F.Supp. 541 (E.D.Va.1971) (Virginia law); Maynard v. General Electric Co., 486 F.2d 538 (4th Cir. 1973) (West Virginia law); Abate v. Barkers of Wallingford, Inc., 27 Conn.Super. 46, 229 A.2d 366 (1967).

Other states apply the Uniform Commercial Code limitation: Berry v. G. D. Searle & Co., 56 Ill.2d 548, 309 N.E.2d 550 (1974); Mendel v. Pittsburgh Plate Glass Co., 25 N.Y.2d 340, 305 N.Y.S.2d 490, 253 N.E.2d 207 (1969); Redfield v. Mead, Johnson & Co., 512 P.2d 776 (Or. 1973); Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612 (1964); Stanford v. Lesco Associates, Inc., 10 U.C.C.Rep. 812 (D.D.C.1972).

Still other states apply the Uniform Commercial Code limitation where privity of contract has been alleged, but apply the tort limitation where it has not: ALASKA, *Compare* Anderson v. Fairchild Hiller Corp., 358 F.Supp. 976 (D.Alaska 1973) *with* Sinka v. Northern Commercial Co., 491 P.2d 116 (Alaska 1971); INDIANA, *Compare* Helvey v. Wabash County REMC, 278 N.E.2d 608 (Ind.Ct.App.1972) *with* Withers v. Sterling Drug, Inc., 319 F.Supp. 878 (S.D.Ind. 1970); NEW JERSEY, Heavner v. Uni-

royal, Inc., 63 N.J. 130, 305 A.2d 412 (1973); OHIO, *Compare* Mahalsky v. Salem Tool Co., 461 F.2d 581 (6th Cir. 1972) *with* Val Decker Packing Co. v. Corn Products Sales Co., 411 F.2d 850 (6th Cir. 1969) (Ohio law); OKLAHOMA, Kirkland v. General Motors Corp., 521 P.2d 1353 (Okl.1974); RHODE ISLAND, *Compare* Kelly v. Ford Motor Co., 110 R.I. 83, 290 A.2d 607 (1972) *with* IUOE Local 57 v. Chrysler Motors Corp., 106 R.I. 248, 258 A.2d 271 (1969); TENNESSEE, *Compare* Hargrove v. Newsome, 225 Tenn. 462, 470 S.W.2d 348 (1971) *with* Layman v. Keller Ladders, Inc., 224 Tenn. 396, 455 S.W.2d 594 (1970).

While the question is a close one, this court believes the Michigan Supreme Court would adopt the Uniform Commercial Code limitation in the present situation. Our reasons are as follows:

1) Plaintiff's complaint is filed under and in specific reference to Michigan's Uniform Commercial Code. It provided in part:

> 5. That as of the date of said purchase Plaintiff received from Defendant both an expressed warranty as to the quality and fitness of the automobile as provided in Section 2313 of Act 174 of the Public Acts of 1962, as amended, being M.S.A. 19.2313, and an implied warranty of fitness for a particular purpose as provided in Section 2315 of Act 174 of the Public Acts of 1962, as amended, being M.S.A. 19.-2315.

> \*   \*   \*   \*   \*   \*

> 10. That as a direct consequence of Defendant's breach of both its express and implied warranties, Plaintiff suffered serious bodily injuries.

2) The plain language of Michigan's Uniform Commercial Code limitation section encompasses plaintiff's case. *See* M.C.L.A. § 440.2715 (1967) and M.C.L.A. § 440.2725 (1967) as quoted above.

3) The Michigan Uniform Commercial Code's limitation section was adopted to be effective January 1, 1964, subsequent to the general limitation section which was adopted effective January 1, 1963, and hence, should be regarded as having amended it (by implication) as it pertains to warranty actions. *See* 1962 Mich.Pub. Acts, No. 174 § 2725, *and* Michigan's Revised Judicature Act of 1961, 1961 Mich. Pub.Acts, No. 236, § 5805.

4) The Michigan Uniform Commercial Code limitation is specific as opposed to the general limitation statute, and hence, should be given effect. Val Decker Packing Co. v. Corn Products Sales Co., 411 F.2d 850, 854 (6th Cir. 1969); Sinka v. Northern Commercial Co., 491 P.2d 116, 119 (Alaska 1971); Redfield v. Mead, Johnson & Co., 512 P.2d 776, 780 (Or.1973).

5) Generally the courts (absent a showing of prejudice on the part of defendant) tend to favor the longer of two limitation statutes. *See, e. g.,* Striker v. Martindale, 372 Mich. 578, 581, 127 N.W.2d 306 (1964); Crawford County Trust & Savings Bank v. Crawford County, 66 F.2d 971 (8th Cir. 1933); Reid v. Doubleday & Co., 109 F.Supp. 354 (N.D.Ohio 1954).

6) Although nationwide the courts are divided on whether a state tort limitation statute or the Uniform Commercial Code limitation statute prevails, we believe the Uniform Commercial Code statute is the only uniform statute possible and that adoption of its limitation will favor uniformity amongst the states in an important area of commercial law. The Michigan Uniform Commercial Code itself states this principle:

> *Construction of act; purposes; variation by agreement*
>
> (1) This act shall be liberally construed and applied to promote its underlying purposes and policies.
>
> (2) Underlying purposes and policies of this act are
>
> (a) to simplify, clarify and modernize the law governing commercial transactions;
>
> (b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties;

(c) to make uniform the law among the various jurisdictions.

M.C.L.A. § 440.1102(1) & (2) (1967).

*See also* R. Peterson, Civil Procedure, 16 Wayne L.Rev. 501, 507 (1970); M. Shanker, Strict Tort Theory of Products Liability and the Uniform Commercial Code, 17 Case W.Res.L.Rev. 5, 16–17 (1965).

■ Finally, appellee contends that if the limitation section of the Michigan Uniform Commercial Code is held applicable, the dismissal of this action is still mandated because of lack of privity. We do not, however, so construe the Michigan law or the Michigan Uniform Commercial Code.

Michigan's rejection of the privity requirement in products liability cases is, as we see it, both sweeping and complete. Spence v. Three Rivers Builders & Masonry Supply, Inc., 353 Mich. 120, 90 N.W.2d 873 (1958); Manzoni v. Detroit Coca-Cola Bottling Co., 363 Mich. 235, 109 N.W.2d 918 (1961); Piercefield v. Remington Arms Co., 375 Mich. 85, 133 N.W.2d 129 (1965); Williams v. Polgar, 391 Mich. 6, 215 N.W.2d 149 (1974).

In this last case (the impact of which the District Judge in our instant case could not have had an opportunity to consider) the present Michigan Supreme Court said:

C. *Privity Conclusion*

Michigan's own jurisprudence records the categorical elimination of privity. This Court had previously extended abstracter liability consonant with the historical growth in reliance and use of abstracts and the corresponding changes in the law to known relying third-parties. Confronted now as of first impression with the question of abstracter liability to foreseeable relying third-parties, we have but to apply our own persuasive precedent of categorical elimination of privity to an analogous situation and we do so.

\*     \*     \*     \*     \*     \*

On the basis of *Three Rivers* and a plethora of jurisdictions in the United States a good case is made for abolishing contractual privity and permitting suit in "negligence or implied warranty" by any foreseeable third-party who would and does rely on the abstract. Williams v. Polgar, *supra* at 18, 215 N.W.2d at 154.

It seems clear to us that Michigan's rejection of privity is not limited to tort actions as opposed to actions based on warranty whether express or implied.

Further, we note that the Uniform Commercial Code was drafted so as to leave the question of privity to state law in recognition of the exact situation already existing in Michigan which was one of the leading states in rejecting the privity defense:

2. Although this section is limited in its scope and direct purpose to warranties made by the seller to the buyer as part of a contract for sale, the warranty sections of this Article are not designed in any way to disturb those lines of case law growth which have recognized that warranties need not be confined either to sales contracts or to the direct parties to such a contract. They may arise in other appropriate circumstances such as in the case of bailments for hire, whether such bailment is itself the main contract or is merely a supplying of containers under a contract for the sale of their contents. The provisions of Section 2–318 on third party beneficiaries expressly recognize this case law development within one particular area. Beyond that, the matter is left to the case law with the intention that the policies of this Act may offer useful guidance in dealing with further cases as they arise.

Uniform Commercial Code § 2–313, Official Comment 2.

The code takes no comprehensive position on the requirement of privity in warranty claims. Thus Michigan decisions on privity are not affected by adoption of the code. For cases dealing with this problem see, \* \* \* Spence v. Three Rivers Builders & Ma-

sonry Supply, Inc., 353 Mich. 120, [90 N.W.2d 873] (1958).

R. Steinheimer, Practice Commentary, 21 M.C.L.A. 363 (1967), following M.C.L.A. § 440.2313.

For these reasons, we believe plaintiff-appellants have stated a viable claim under the Michigan Uniform Commercial Code and its four-year limitation statute.

Reversed and remanded for trial.