373 A.2d 492.

Simone Marie Plouffe *et al. vs.* The Goodyear Tire & Rubber Company *et al.*

MAY 19, 1977.

Present: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action seeking recovery for both personal injuries and property damage brought in Superior Court by Simone Marie Plouffe and Leo Plouffe, husband and wife, against The Goodyear Tire & Rubber Company (Goodyear), an Ohio corporation engaged in the manufacture of tires and rubber products, Chrysler Motors Corporation (Chrysler), a Delaware corporation engaged in the manufacture of motor vehicles and the Hartford Auto Company Inc. (Hartford), a Rhode Island corporation engaged in the sale of motor vehicles. The cause was tried to a Superior Court justice, sitting with a jury. The trial justice directed a verdict for all three defendants. From the judgments thereafter entered, the plaintiffs have appealed to this court.

The record indicates that on October 26, 1966, plaintiffs purchased a new 1966 Valiant sedan from defendant, Hartford. The automobile was manufactured by defendant, Chrysler, and came equipped with tires manufactured by defendant, Goodyear. It appears that in December 1966, the right rear tire on the automobile developed a slow leak and, after a complaint by plaintiffs, was replaced by Goodyear. In July 1967, a slow leak developed in the left rear tire, which was also replaced by Goodyear. Both tires were described as crumbling and as having sidewall cracks.

On August 12, 1967, plaintiffs, in preparation for a trip, had the car, including the tires, checked at their local service station. The next afternoon in Fairhaven, Massachusetts, while the automobile was being driven by Leo Plouffe, the left front tire blew out with what was described by Mrs. Plouffe as a "bang". The noise was also heard by a witness, Irene Gendron. The automobile spun out of control into the lane of oncoming traffic, skidded 100 feet on the wet pavement, hit an oncoming car and came to rest against a telephone pole with the right front tire against the pole and the left front tire on the roadway. A police officer, Daniel P. Rezendes, who investigated the accident, testified that there was some cord showing on the side of the left front tire which was blown and flat. He stated that he had checked the roadway for some distance from the point of impact to discover any road defect or any object, glass or metal, that might have caused the blowout but found nothing.

The plaintiffs were both injured and were removed by ambulance to a hospital. The automobile was towed to a garage and was last seen by plaintiffs in a junkyard in New Bedford, Massachusetts, some two weeks after the accident. At that time, plaintiffs retrieved some papers and personal property from the glove compartment of the automobile. Mrs. Plouffe testified that at that point in time she saw the left front tire which was flat and was ripped through on the inside. Some two weeks thereafter, an attempt was made by plaintiffs to find the automobile but it had disappeared from the junkyard. In the meantime, plaintiffs had been reimbursed for the full value of their automobile by their own insurance company.

Mrs. Plouffe stated that at the time of the accident, the automobile had 1,907 miles on the speedometer. Hartford's service records indicated that the speedometer had 4,200 miles on it on April 11, 1967, and 4,432 miles on it

on May 8, 1967. In any event, it is undisputed that the automobile had been carefully maintained and operated and that the mileage at the time of the accident was low.

The plaintiffs commenced suit on September 18, 1970, to recover for personal injuries and the replacement value of their automobile. In the complaint, plaintiffs alleged both negligence and breach of expressed and implied warranties on the part of defendants. A motion for summary judgment by defendants was treated as a motion for a more definite complaint by a Superior Court justice who ordered plaintiffs to file an amended complaint. An amended complaint was filed and trial was commenced on April 24, 1975, solely on the issue of liability. On April 25, 1975, the trial justice directed a verdict for all three defendants and judgments for defendants were entered. The plaintiffs have appealed from those judgments to this court.

At the conclusion of plaintiffs' testimony, defendants Goodyear and Chrysler[1] moved for a directed verdict on the ground that plaintiffs were barred by the statute of limitations, G.L. 1956 (1969 Reenactment) §9-1-14, which at the time provided a two-year period of limitations for the bringing of a suit for personal injuries.

The plaintiffs argue, however, that in an action based on breach of warranty against the manufacturer of a product the statute of limitations as provided for in §6A-2-725, and not §9-1-14 should apply to actions by plaintiffs against such manufacturers. They also point out that, under the provisions of §6A-2-715, consequential damages for such a breach can include personal injuries. The trial justice found that §9-1-14 applied to this action and plain-

---

[1] The defendant, Hartford, raised the issue of the statute of limitations in its answer to the original complaint, but failed to include the affirmative defense of the statute of limitations in its answer to the amended complaint and thus waived the statute of limitations as an affirmative defense.

tiffs were consequently barred from maintaining their action against Goodyear and Chrysler.

We have said in recent cases that §6A-2-725 applies only to situations involving a buyer-seller relationship and therefore does not govern noncontracutal warranty actions against manufacturers. *Romano* v. *Westinghouse Elec. Co.*, 114 R.I. 451, 454, 336 A.2d 555, 558 (1975); *Kelly* v. *Ford Motor Co.*, 110 R.I. 83, 290 A.2d 607 (1972); *International Union of Operating Eng'rs Local 57* v. *Chrysler Motors Corp.*, 106 R.I. 248, 258 A.2d 271 (1969). Since there is no buyer-seller relationship existing between plaintiffs and Goodyear and Chrysler, it is clear that any suit against those defendants must be commenced within the two-year time limit then existing by virtue of §9-1-14. In *Romano*, we stated that the time of accrual of a cause of action in product liability cases against a manufacturer is the same as in a negligence action, that is, the time of injury. Since the complaint here was filed September 18, 1970, more than three years after the time of the injury, August 13, 1967, the trial justice was correct in directing a verdict for defendants, Goodyear and Chrysler.

The defendants also moved for a directed verdict on the ground that plaintiffs failed to sustain the burden of proof necessary to get the case to the jury. In view of our holding that plaintiffs are barred from proceeding against defendants Goodyear and Chrysler, we will consider this argument as directed solely against defendant, Hartford.

The trial justice found that there was no evidence as to any defect existing in the tire on the day of the accident and there was no evidence that Hartford at the time of the sale of the automobile to plaintiff had any knowledge whatsoever of any defect existing in the tire. He thereupon granted defendants' motion for a directed verdict. The plaintiffs, on appeal, contend that they had

submitted sufficient evidence to warrant submitting the case to the jury and that the trial justice erred in granting a directed verdict.

The defendants argue that in a claim for breach of warranty the burden is on plaintiffs to prove that the product is defective, that it was in a defective condition at the time it left the hands of the seller, and that said defect is the proximate cause of the injury. They stated that unless evidence is produced by plaintiffs to support this conclusion then plaintiffs have not sustained the burden of proof necessary to reach the jury. The defendants have correctly stated the rule.

The defendants argue that plaintiffs presented no factual evidence to indicate that any design defect existed in the tires that were on plaintiffs' automobile. They state that no evidence was introduced that the tires had improper tread design, improper sidewall strength or improper durability or were in any way unsuitable for the purpose for which they were intended. They point out that plaintiffs produced no expert testimony but relied solely on circumstantial and somewhat conflicting tsetimony. The defendants, citing *Shramek* v. *General Motors Corp.*, 69 Ill. App. 2d 72, 216 N.E.2d 244 (1966), argue that in the absence of the allegedly defective tire that plaintiffs had not sustained proof necessary to reach the jury since on the evidence the jury could indulge only in pure speculation.

The plaintiffs, while conceding that there is no direct evidence as to the defect in the absence of the tire, contend that circumstantial evidence is sufficient to bring a case to the jury. *Smith* v. *Uniroyal, Inc.*, 420 F.2d 438 (7th Cir. 1970); *McCann* v. *Atlas Supply Co.*, 325 F.Supp. 701 (W.D.Pa. 1971).

On a motion for a directed verdict, a trial justice must view all the evidence in a light most favorable to the

adverse party and is obliged to give such party the benefit of all reasonable and legitimate inferences which may be properly drawn therefrom without sifting or weighing the evidence or exercising the justice's independent judgment as to the credibility of witnesses; and if, after taking such a view, there exist issues upon which reasonable persons might draw conflicting conclusions, he should deny the motion and the issues should be left to the jury to decide. *Pimental* v. *D'Allaire*, 114 R.I. 153, 330 A.2d 62 (1975); *Hamrick* v. *Yellow Cab Co.*, 111 R.I. 515, 304 A.2d 666 (1973). On appeal from a trial justice's decision on a motion for a directed verdict, this court looks at the evidence in the same manner and fashion as the trial justice and is bound by the same rules which govern him. *Pimental* v. *D'Allaire, supra; Hill* v. *A.L.A. Constr. Co.*, 99 R.I. 228, 206 A.2d 642 (1965).

In order to have prevailed on a motion for a directed verdict, plaintiffs had the burden of proving that the tire was defective when it left the hands of the supplier and that the defect was the proximate cause of the injuries. *Romano* v. *Westinghouse Elec. Co., supra.*

Here, it is uncontradicted that the automobile and the tires had been carefully maintained and that the mileage was low. The evidence was that two of the original tires on plaintiffs' automobile had sidewall defects. There was testimony that the police officer who investigated the incident was unable to find any road defects or other cause for the blowout. There was also testimony that the tires had been checked on the day previous to the blowout.

However, plaintiffs presented no evidence that any design defect existed in the type of tires on their automobile. There was no evidence that the blown out tire had improper tread design or improper sidewall strength or durability. There was no testimony to suggest that if the two tires which had been replaced on plaintiffs' automobile

because of dry cracks and crumbling had been allowed to remain on the automobile, they would have blown out. The mere fact of a tire blowout does not tend to establish that the tire was defective.

Looking at the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the plaintiffs, as we must under our well-established rule in relation to a directed verdict, it appears to us that a person could not reasonably conclude that a defect existed in the tire when the automobile was delivered to the plaintiffs. Rather the determination of why the tire blew out could be gained only by indulging in pure speculation. The plaintiffs having failed to sustain the burden of proof that a defect in the tire caused the blowout, the trial justice was correct in granting the motion for a directed verdict.

The plaintiffs' appeals are denied and dismissed, the judgment appealed from are affirmed and the case is remanded to the Superior Court.

*Gladstone & Zarlenga, B. Lucius Zarlenga,* for plaintiffs.

*Paul A. Anderson, Robert W. Lovegreen,* for defendants.