**Philip A. PIRRI, Jr.**

v.

**TOLEDO SCALE CORPORATION.**

**No. 91–579–M.P.**

Supreme Court of Rhode Island.

Jan. 26, 1993.

Charles F. Reilly, Jr., John J. McConnell, Jr., Robert McConnell, Jr., Michael Marran, Richard Lessard, Providence, for plaintiff.

John G. Rallis, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This case came before us on the petition of the defendant, Toledo Scale Corporation, for certiorari. The defendant seeks review of the trial justice's denial of a motion to dismiss. The motion was predicated upon a statute of limitations defense that would have been dispositive.

This matter arises out of a civil suit filed on April 25, 1991, by plaintiff, Philip A. Pirri, Jr. The plaintiff stated that on November 9, 1987, approximately three and one-half years earlier, he sustained an injury to his hand while operating a meat-cutting machine manufactured by defendant. Upon settling a workers' compensation claim with his employer, plaintiff filed a product-liability suit against defendant. The plaintiff's complaint stated three causes of action against defendant. The plaintiff stated that defendant had breached the implied warranty of fitness and merchantability. He alleged negligent design, manufacture, and installation of the machine. He also claimed that the machine was defective, was unreasonably dangerous, and lacked adequate safeguards and warnings.

The defendant filed a motion to dismiss plaintiff's complaint, asserting that the action was not commenced within the period provided by the statute of limitations. The trial justice denied the motion on the grounds that plaintiff's action was not entirely within the three-year statute of limitations for personal injuries. It appears from the record that the trial justice was influenced more by the ability to divide the form of the action than by the nature of the injury alleged.

The defendant argues that plaintiff's damages were in the nature of a personal injury and the period of limitation is controlled by G.L.1956 (1985 Reenactment) § 9-1-14(b). Section 9-1-14 provides that actions to recover for personal injuries are barred after three years.[1]

The plaintiff claims that his suit is preserved by two separate statutes. He contends that § 9-1-13 applies to all product-liability actions, including actions for personal injuries.[2] An amicus curiae brief was filed in support of plaintiff's argument. The plaintiff further asserts that breach of warranty claims between third-party beneficiaries and manufacturers are governed by the four-year statute of limitations in G.L.1956 (1992 Reenactment) § 6A-2-725.

In this appeal we must first decide whether the present tort action is subject to the statute of limitations set forth in § 9-1-13(a) or § 9-1-14(b). Our analysis of § 9-1-14(b) is controlled by *Commerce Oil Refining Corp. v. Miner*, 98 R.I. 14, 199 A.2d 606 (1964), wherein we construed the phrase "injuries to the person." We stated that the purpose of the phrase

"is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in [a person] as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an

1. General Laws 1956 (1985 Reenactment) § 9-1-14 provides in part:

"Limitation of actions for words spoken or personal injuries.—* * * (b) Actions for *injuries to the person* shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after." (Emphasis added.)

2. Section 9-1-13 provides:

"Limitation of actions generally—Product liability.—(a) Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after.

"(b) Notwithstanding the provisions of subsection (a) of this section, an action for the recovery of damages for personal injury, death or damage to real or personal property, including any action based upon implied warranties arising out of an alleged design, inspection, listing or manufacturing defect, or any other alleged defect of whatsoever kind or nature in a product, or arising out of any alleged failure to warn regarding a product, or arising out of any alleged failure to properly instruct in the use of a product, shall be commenced within ten (10) years after the date the product was first purchased for use or consumption."

individual by reason of some peculiar status or by virtue of an interest created by contract or property." *Id.* at 20–21, 199 A.2d at 610.

The court further noted that it is "the nature of the right invaded and not the elements of damage resulting therefrom that determines its character as an injury to the person." *Id.* at 21, 199 A.2d at 610.

The plaintiff seeks relief under strict liability and implied warranty theories, in addition to his negligence claim. However, the nature of his claim arises out of a personal injury for which he is entitled to relief "by reason of being a person in the eyes of the law." *Id.* at 20, 199 A.2d at 610. The plaintiff's physical injuries, pain and suffering, lost earning capacity, and diminished quality of life all stem from the injuries allegedly caused by defendant's machine. Our Legislature "intended that all actions containing a common element, that is, injury to the person, were to be subjected to [the same] period of limitation." *Id.* at 17, 199 A.2d at 608. There is no legal status, property right, or contractual relationship between the parties creating an alternative right upon which plaintiff might sue. Thus the limitation period set forth in § 9–1–14 for "injuries to the person" is the appropriate statute of limitations.

We next evaluate whether § 6A–2–725 of the Uniform Commercial Code is applicable to the implied warranty alleged by plaintiff. Even though we have disposed of plaintiff's suit, we entertain this issue to clarify the breadth of § 6A–2–725.

 The plaintiff asserts that despite Rhode Island precedents holding that the four-year statute of limitations found in § 6A–2–725 is inapplicable to the issue before us, the title of the statute has since been extended to encompass a breach of warranty claim. The title had read, "Statute of limitations in contracts for sale." Section 6A–2–725, History of section. In 1985 the title of the statute was amended to read, "Statute of limitations—Contracts for sale—Breach of warranty." *Id.*

Selecting the proper statute of limitations for warranty actions has been a subject of much dispute in this and other jurisdictions. *See Taylor v. Ford Motor Co.*, 185 W.Va. 518, 408 S.E.2d 270 (1991) (summarizing three different positions that have evolved). The rationale underlying the distinction between the application of an implied warranty claim sounding in tort and one that sounds in contract helps to clarify this dispute.

In *Romano v. Westinghouse Electric Co.*, 114 R.I. 451, 336 A.2d 555 (1975), we emphasized the distinct policies underlying tort law in our discussion of strict liability based on the Restatement (Second) *Torts* § 402A, comment m (1965). We found that strict liability in tort is "free of the restrictions surrounding an action based on a contract for the sale of goods, and that it was developed for the reason that the remedies of the consumer were unduly limited by the peculiarities of the law of sales." *Id.* at 456–57, 336 A.2d at 558. We noted that " 'warranties that were developed to meet the needs of commercial transactions cannot properly be invoked to govern the manufacturer's liability to those injured by its defective products.' " *Id.* at 457, 336 A.2d at 558.

In our evaluation of the nature of the action pleaded, we are guided by a consistent line of Rhode Island cases holding that an implied warranty is tortious in nature. *See Plouffe v. Goodyear Tire & Rubber Co.*, 118 R.I. 288, 373 A.2d 492 (1977); *Romano v. Westinghouse Electric Co.*, 114 R.I. 451, 336 A.2d 555 (1975); *Kelly v. Ford Motor Co.*, 110 R.I. 83, 290 A.2d 607 (1972). We find no reason to depart from the sound holdings of our precedents. "[Section] 6A–2–725 applies only to situations involving a buyer-seller relationship and therefore does not govern noncontracutal [*sic* ] warranty actions against manufacturers." *Plouffe*, 118 R.I. at 293, 373 A.2d at 495. Despite plaintiff's request, we may only construe the title of a statute if there is doubt about the meaning of its provisions. *The Town of East Greenwich v. O'Neil*, 617 A.2d 104, 108 (R.I.1992). We find that the content of the statute is clear

and unambiguous and unaffected by the change of the title.

We conclude that § 9–1–14 applies to this entire action, requiring it to be brought within three years of the accrual of the action. The trial justice erred in not granting the defendant's motion to dismiss.

For the reasons stated, the petition for certiorari is granted, the order appealed from is quashed, and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

SHEA, J., did not participate.