**Thomas J. MARTIN**

v.

**QUALITY RENTAL CENTER and Taylor Rental Corp.**

**Nos. 93–33–Appeal, 93–517–Appeal.**

Supreme Court of Rhode Island.

Nov. 18, 1993.

Ernest J. Pratt.

Brian Voke, Timothy Dodd, Jeffrey Brenner, Kevin Brill.

ORDER

This case came before the court for oral argument on November 9, 1993, pursuant to an order directing the parties to show cause why the issues raised in Thomas J. Martin's (plaintiff) appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown.

The plaintiff appealed from an order granting Taylor Rental Corporation's motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure.

On May 21, 1988, plaintiff leased a log splitter from Quality Rental Centers, Inc. (Quality Rental). Taylor Rental Corporation

(Taylor) was the manufacturer of the log splitter which caused permanent injuries when plaintiff's hand was pulled into a moving part as the starter cord became caught in the machine. On May 8, 1992, plaintiff charged Taylor with negligence in its design and manufacture of the log splitter.

At issue is whether plaintiff's personal injury inflicted during his use of a leased log splitter fell within the four-year statute of limitations provided in the Uniform Commercial Code, G.L.1956 (1992 Reenactment) § 6A–2–725 or within the three-year limitation set forth in G.L.1956 (1985 Reenactment) § 9–1–14(b).

This court's holding in *Pirri v. Toledo Scale Corp.*, 619 A.2d 429 (R.I.1993) is dispositive of this appeal. In *Pirri*, we held that the three-year statute of limitations applies to claims of implied warranty that are tortious in nature. *Id.* at 431. Personal injury actions, whether in negligence or in breach of warranty, must be brought within the three-year statute set forth in § 9–1–14. 619 A.2d at 430–31.

Consequently, the plaintiff's appeal is denied and dismissed.