Anthony NAPPI

v.

JOHN DEERE & COMPANY, et al.

No. 97–436–A.

Supreme Court of Rhode Island.

July 27, 1998.

Alton William Wiley; Clement T. Cooper, Washington, DC.

Gerald C. DeMaria, Providence.

### ORDER

The plaintiff, Anthony Nappi, appeals from a Superior Court judgment in favor of defendants, John Deere & Company, and Tom's Lawn & Garden Equipment, Inc. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time we proceed to decide this case without further briefing or argument.

The plaintiff's complaint alleges that he was injured while using a tractor manufactured by defendant John Deere & Company (Deere), and sold by defendant Tom's Lawn & Garden Equipment, Inc. (Tom's Lawn & Garden). The plaintiff purchased the tractor on June 21, 1993 and alleges that his injury occurred on July 17, 1993. The plaintiff filed a complaint on May 9, 1997, alleging that Deere negligently manufactured the vehicle, that the tractor was an unreasonably danger-

ous product for which Deere and Tom's Lawn & Garden were strictly liable, and that both defendants had breached express and implied warranties of merchantability and fitness in the sale of the tractor to plaintiff. The defendants moved to dismiss the complaint on the grounds that the plaintiff's action was barred by the statute of limitations. The trial justice granted the motion and judgment was entered in favor of defendants on July 24, 1997.

The sole issue to be decided in this case is whether the trial justice erred in finding that plaintiff failed to file his complaint within the time allowed by the applicable statute of limitations. It is undisputed that plaintiff failed to file his complaint within three years of the incident which caused his injuries. He argues, however, that the three-year statute of limitations for injuries to the person, found in G.L.1956 § 9–1–14(b), is inapplicable in the present case. He contends that this statute does not apply because his complaint alleges breach of warranty and strict liability. The plaintiff urges this court to apply the general ten-year statute of limitations found in § 9–1–13(a) or the four-year statute of limitations for breach of contract for sale found in G.L.1956 § 6A–2–725.

We addressed this question in *Pirri v. Toledo Scale Corp.*, 619 A.2d 429 (R.I.1993). The plaintiff in that case injured his hand while operating a meat-cutting machine manufactured by defendant. He filed a three-count complaint alleging that defendant negligently designed and manufactured the machine, that defendant breached the implied warranty of fitness and merchantability, and that the machine was defective, unreasonably dangerous and lacked adequate safeguards. We determined that plaintiff's claim arose out of personal injuries, for which he was entitled to relief under the law by reason of his being a person. 619 A.2d at 431 (quoting *Commerce Oil Refining Corp. v. Miner*, 98 R.I. 14, 20, 199 A.2d 606, 610 (1964)). We stated that "it is 'the nature of the right invaded and not the elements of damage resulting therefrom that determines its character as an injury to the person.'" *Id.* (quoting *Commerce Oil*, 98 R.I. at 21, 199 A.2d at 610). We concluded that it was the intent of the legislature that all injuries to the person be subjected to the same period of limitations. *Id.* (quoting *Commerce Oil*, 98 R.I. at 17, 199 A.2d at 608).

We decline plaintiff's request to overrule *Pirri* and similar cases and we reiterate that personal injury cases must be filed within the time limit set forth in § 9–1–14(b).

We have considered the other issues raised by plaintiff in this case and find no reason to overturn the judgment below. Therefore, the plaintiff's appeal is denied and dismissed and the judgment in favor of defendants is affirmed.