Michael M. PAUL et al.

v.

CITY OF WOONSOCKET et al.

No. 97–630–Appeal.

Supreme Court of Rhode Island.

Feb. 11, 2000.

John B. Webster, Warwick, for Plaintiff.

Marc DeSisto, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

BOURCIER, Justice.

In this appeal we review a summary judgment entered in favor of the defendants, the City of Woonsocket, the city treasurer and the city council (collectively, the city) and against the plaintiffs, a conditionally certified class, consisting of Michael M. Paul, M. Paul and Son, Denis Mendoza and Roland L. Bois and all record title holders (plaintiffs), who had all been required by the enactment of a Woonsocket City Council ordinance to pay a water connection impact fee (tapping fee) to the city. They sought recovery of those fees pursuant to 42 U.S.C. § 1983. They challenge the trial justice's determination that, as a matter of law, the voluntary payment doctrine precluded them from recovering those payments.

The plaintiffs assert here on appeal that the voluntary payment doctrine is not applicable to their claims because the payments made by them were involuntary and had been made under duress. They contend that the imposition of the tapping fee constituted an invalid exercise of the city's police powers, violated their substantive due process rights, and constituted an invalid taking of private property for public use without just compensation. In addition, they assert that the tapping fee ordinance violated both the Due Process clause of the Fourteenth Amendment to the United States Constitution and article 1, section 3, of the Rhode Island Constitution for failing to provide a "clear and certain" remedy for the payment of invalid taxes.

In response, the city contends that the trial justice correctly determined that the voluntary payment doctrine precluded recovery of the fees and, additionally asserts that the plaintiffs' claims are barred by the statute of limitations. Because we agree that the statute of limitations bars the plaintiffs' claims, and is dispositive of their appeal, we need not address their additional appellate contentions.

### Facts

The facts are essentially undisputed. In April 1986, the Woonsocket City Council enacted an ordinance amending its existing "Water and Sewers and Sewage Disposal" Ordinance. That amendment levied a tapping fee upon the owners of properties who requested a water service connection from their properties into the city's water distribution main. Under the amendment, payment of the tapping fee was mandatory and was required to be paid before the city would permit the connection and provide any water service. The tapping fee was in addition to previously established city water connection fees. The record reveals that the city council failed to seek approval from the Public Utilities Commission (PUC) prior to amending its existing "Water and Sewers and Sewage Disposal" Ordinance and implementing the tapping fee.

Between June 1986 and July 1992, the city collected approximately $177,800 as a result of the new tapping fee. Each and every payment made by the plaintiffs was made without protest or challenge. On March 3, 1993, the city council repealed the amendment after the PUC determined that the tapping fee was not permitted. On February 23, 1996, almost three years following repeal of the amendment, and some three years and seven months after the last payment had been made by any of the plaintiffs, they filed the instant action seeking recovery of their tapping fee payments, plus interest. The plaintiffs additionally sought equitable relief.

On June 5, 1996 the Superior Court certified as a conditional class the plaintiffs, as well as all other property owners who had paid the tapping fee.[1] Subsequently, the parties filed cross motions for summary judgment. Although the trial justice indicated that the plaintiffs' claims might be barred by the applicable statute of limitations, he dismissed the case on the basis of the voluntary payment doctrine.

### Standard of Review

" 'In reviewing the grant of a summary judgment motion, this Court employs the same standard on review as the trial justice.' " *Truk–Away of Rhode Island, Inc. v. Aetna Casualty & Surety Co.,* 723 A.2d 309, 313 (R.I.1999). Thus, "[w]e must examine all of the pleadings, memoranda and affidavits in the 'light most favorable to the party opposing the motion.' " *Id.* (quoting *Splendorio v. Bilray Demolition Co.,* 682 A.2d 461, 465 (R.I. 1996)). "[T]his Court also may affirm the judgment of the Superior Court on any other ground without rejecting the rationale actually relied on by the Superior Court to justify its ruling." *C & J Leasing*

---

1. Pursuant to Rule 23(c)(1) of the Superior Court Rules of Civil Procedure, certification of a class may be conditional, and may be altered or amended before any decision is rendered on the merits.

*Corp. v. Paolino,* 721 A.2d 839, 841 (R.I. 1998). *See also Mall at Coventry Joint Venture v. McLeod,* 721 A.2d 865, 869 (R.I. 1998); *O'Connell v. Bruce,* 710 A.2d 674, 675 n. 2 (R.I.1998); *State v. Nordstrom,* 529 A.2d 107, 111–12 (R.I.1987).

### The Statute of Limitations

The plaintiffs assert that imposition of the tapping fee constituted an impermissible tax. An appeal from a tax assessment is governed by G.L.1956 § 44–5–26.[2] It specifically provides that "[a]ny person aggrieved on any ground whatsoever by any assessment of taxes * * * may within ninety (90) days from the date the first tax payment is due, file an appeal in the local office of tax assessment * * *." Taxpayers who allege that an assessment is illegal or void, likewise are confined to the remedies provided by § 44–5–26, except that they are not first required to file an appeal with the local assessor. *See* § 44–5–27. Taxpayers who invoke the equity jurisdiction of the Superior Court must do so "within three (3) months after the last day appointed for the payment without penalty of the tax * * *." *Id.*

Assuming, without deciding, that the tapping fee was indeed a tax, as alleged by the plaintiffs, because the plaintiffs did not appeal payment of the tapping fee/tax within the required statutory period, they are time-barred pursuant to § 44–5–26.

The plaintiffs contend that § 44–5–26 is inapplicable because they are seeking recovery pursuant to 42 U.S.C. § 1983; instead, they assert that because they suffered from an unspecified personal injury, that G.L.1956 § 9–1–13(a) is the appropriate statute of limitations.[3] In support of this assertion, the plaintiffs rely upon *Ow-*

*ens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 582, 102 L.Ed.2d 594, 606 (1989), which held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." However, the plaintiffs' reliance upon this holding is misplaced.

■ Since 42 U.S.C. § 1983 does not contain a statute of limitations, federal courts are "required to apply the state statute of limitations which governs the forum state's most analogous cause of action." *Tang v. State of Rhode Island, Department of Elderly Affairs,* 904 F.Supp. 55, 60–61 (D.R.I.1995). *See also Owens,* 488 U.S. at 239, 109 S.Ct. at 576, 102 L.Ed.2d at 599 (interpreting *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). In *Wilson,* the United States Supreme Court stated:

> " § 1983 creates a cause of action where there has been an injury, under color of state law, to the person or to the constitutional or federal statutory rights which emanate from or are guaranteed to the person. In the broad sense, every cause of action under § 1983 which is well-founded results from 'personal injuries.'" *Wilson,* 471 U.S. at 278, 105 S.Ct. at 1948, 85 L.Ed.2d at 267–68 (quoting *Almond v. Kent,* 459 F.2d 200, 204 (4th Cir.1972)).

The Supreme Court then concluded that § 1983 confers "a general remedy for injuries to personal rights." *Wilson,* 471 U.S. at 278, 105 S.Ct. at 1948, 85 L.Ed.2d at 268.

In *Owens,* the United States Supreme Court recognized that when deciding *Wil-*

---

**2.** Because G.L.1956 § 44–5–26 provides a procedure for appealing from a tax assessment, the plaintiffs' assertion, that the tapping fee violated both the Due Process clause of the Fourteenth Amendment to the United States Constitution and article 1, section 3, of the Rhode Island Constitution for failure to provide a "clear and certain" remedy for the payment of invalid taxes, must fail.

**3.** General Laws 1956 § 9–1–13(a) states:

"Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after."

---

son, it had merely eliminated the confusion over the appropriate limitations period for § 1983 claims when a state has only one statute of limitations for all personal injury claims. *Owens*, 488 U.S. at 241, 109 S.Ct. at 577, 102 L.Ed.2d at 600. In concluding that courts should borrow the general or residual statute for personal injury actions when considering § 1983 claims, the Supreme Court noted that because many claims brought under the statute have no precise state analog, application of a statute of limitations for the limited category of intentional torts would be inconsistent with its broad scope. *See id.* at 249, 109 S.Ct. at 581, 102 L.Ed.2d at 605. The Supreme Court recognized that "every State has one general or residual statute of limitations governing personal injury actions," and that "[s]ome States have a general provision which applies to all personal injury actions with certain specific exceptions" while "[o]thers have a residual provision which applies to all actions not specifically provided for, including personal injury actions." *Id.* at 245–47, 109 S.Ct. at 580, 102 L.Ed.2d at 604.

■ The plaintiffs assert that § 9–1–13(a) is the appropriate residual statute for its personal injury claim. We disagree. The appropriate residual statute for personal injury claims is § 9–1–14(b).[4]

In *Commerce Oil .Refining Corp. v. Miner*, 98 R.I. 14, 20–21, 199 A.2d 606, 610 (1964), this Court stated that:

"the phrase 'injuries to the person' as used in [§ 9–1–14(b) ] is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law * * * [as] distinguished from

those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property."

We have stated previously that "it was the intent of the legislature that all injuries to the person be subjected to the same period of limitations." *Nappi v. John Deere & Co.*, 717 A.2d 650, 651 (R.I.1998) (order) (citing *Pirri v. Toledo Scale Corp.*, 619 A.2d 429, 431 (R.I.1993)). We again reiterate that "personal injury cases must be filed within the time limit set forth in § 9–1–14(b)." *Nappi*, 717 A.2d at 651.

■ In the instant matter, the plaintiffs assert that the adoption, implementation and enforcement of the city council's amendment to the "Water and Sewers and Sewage Disposal" Ordinance caused each of them to suffer a personal injury. "Under the common law, the general rule is that a cause of action accrues and 'the statute-of-limitations clock starts ticking at the time that an injury occurs.'" *Kelly v. Marcantonio*, 678 A.2d 873, 878 (R.I.1996) (quoting *Soares v. Ann & Hope of Rhode Island, Inc.*, 637 A.2d 339, 352–53 (R.I. 1994)). In this case, the alleged personal injury to the plaintiffs was the actual payment of the tapping fee. Consequently, the three-year statute of limitations began to accrue for each plaintiff upon individual payment of the tapping fee.

The record reveals that all payments of the tapping fee were made by the plaintiffs between June 1986 and July 1992. On March 3, 1993, the city council repealed the amendment. On February 23, 1996, almost three years after repeal of the amendment, and some three years and seven months after the last payment had been made, the plaintiffs filed the instant action. That action, not filed within the three-year limitations requirement established by § 9–1–14(b), is time-barred.

4. Section 9–1–14(b) provides:
"Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

Accordingly, for all the foregoing reasons, the plaintiffs' appeal is denied. The final judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.