KATHERINE GRIFFIN v. RAYMOND WOODHEAD, *Alias*.

DECEMBER 1, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Statute of Limitations.   Injuries to Person.*
C. P. A., § 248 "Actions for injuries to the person shall be commenced and sued within two years next after the cause of action shall accrue and not after," provides a period of limitation for all actions for injuries to the person, whatever may be the form of action.

ACTION ON THE CASE for malpractice.   Heard on exceptions of plaintiff, and overruled.

BLODGETT, J.   The declaration in this case alleges, in substance, that the defendant, a physician whom plaintiff had em-

ployed, so unskillfully and negligently conducted himself in the caring for a broken hip that permanent shortening of her leg has resulted. The defendant pleads that the cause of action did not arise within two years, to which the plaintiff has demurred. The Superior Court held the plea to be good. The plaintiff also seeks to avoid the bar of the statute by a replication alleging that "The plaintiff was residing without this state for a long period of time, to wit, for more than one year after the happening of the matters set forth in her declaration and before the commencement of said action," and the defendant's demurrer thereto was sustained by the Superior Court. The plaintiff has duly excepted to these decisions, and brings the case here.

The decision of the Superior Court sustaining the demurrer to the replication is correct, and we pass to a consideration of the question raised by the plea.

The statutes of limitation relative to injuries to the person are §§ 248, 249, and 250, C. P. A., as follows:

"SECTION 248. Actions for words spoken shall be commenced and sued within one year next after the words spoken, and not after. Actions for injuries to the person shall be commenced and sued within two years next after the cause of action shall accrue, and not after.

"SEC. 249. Actions of trespass, except for injuries to the person, shall be commenced and sued within four years next after the cause of action shall accrue, and not after.

"SEC. 250. All actions of account, except on such accounts as concern trade or merchandise between merchant and merchant, their factors and servants, all actions of the case except for words spoken and for injuries to the person, all actions of debt founded upon any contract without specialty or brought for arrearages of rents, and all actions of detinue and replevin, shall be commenced and sued within six years next after the cause of action shall accrue, and not after."

The plaintiff claims that her declaration sounds in contract and not in tort, and hence that the period of six years given by section 250 is available for her rather than the period of two years specified in section 248.

(1)    We do not find it necessary to decide whether the declaration in this "action on the case for malpractice," as it is therein styled, which begins by averring an employment of the defendant by the plaintiff as her physician, for a suitable compensation, and then avers a breach of duty in negligently and unskillfully attending the plaintiff, is to be considered as sounding in contract rather than in tort, for the reason that we are of the opinion that the provisions of section 248 are explicit as to the period of limitation for all actions for injuries to the person, whatever may be their form.    And this for several reasons. No exception as to the form of action is made by the section, and lest it should be supposed that the period of four years allowed in section 249 as to other actions of trespass should be supposed to be inconsistent with section 248, "injuries to the person" are expressly excepted from it.    So in section 250, in specifying the actions as to which six years are allowed, "words spoken and for injuries to the person" are specially excepted, and it is not contended that an action for "words spoken" can be brought after the period of one year provided in section 248.    Again, to adopt the plaintiff's contention would be to permit a plaintiff to sue in tort within two years, or to frame his action in contract upon the same facts, and thus gain four years.

Counsel for the plaintiff seeks to strengthen his position by the claim, as stated in his brief, that our statute "refers to injuries that result from traumatisms."  We find no such limitation therein expressed, and this court has decided that there are many other classes of injuries to the person than those caused by the application of force to the body.   See *McDonald* v. *Brown*, 23 R. I., 546, 549; and *Taylor* v. *Bliss*, 26 R. I., 16.

Again, to hold that "injuries to the person," when caused by a breach of contract, may be sued within six years, would be to create arbitrarily a longer period of liability in certain exceptional cases, such as the case at bar and the case of common carriers, than is established for other cases.   And see *Webber* v. *Herkimer, etc., R. R. Co.*, 109 N. Y. 311; and *Boor, Admr., et al.*, v. *Lowrey*, 103 Ind. 468.

Our conclusion that the plea of two years is good renders it

unnecessary to consider any of the other questions presented, and the order must be:

Exceptions overruled, and case remitted to the Superior Court for further proceedings.

*Hugh J. Carroll,* for plaintiff.

*Gardner, Pirce & Thornley,* for defendant.

*William W. Moss,* of counsel.