*In re* ESTATE OF JOHN W. RATHBUN.

JANUARY 19, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Guardian and Ward.   Counsel Fees.   Resignation of Guardian.*

There is no authority under Gen. Laws, cap. 321, § 12, for the allowance of counsel fees, to be paid by a guardian of a person of full age, out of the

estate of the ward, for services in connection with a petition for leave to resign as guardian.

*(2)　Guardian and Ward.　Counsel Fees.　Release from Guardianship.*

There is no authority for the allowance of counsel fees and expenses of experts under Gen. Laws, cap. 321, § 12, to be paid by a guardian of a person of full age, out of the estate of the ward, on a petition of the ward for release from guardianship.

*(3)　Guardian and Ward.　Appointment of New Guardian.　Counsel Fees.*

Where the original guardian resigned and a petition was filed for the appointment of a new guardian, counsel fees for services rendered the ward in defending against the new appointment are within the provisions of Gen. Laws, cap. 321, § 12, it appearing that the ward was possessed of some mental capacity, and was entitled to have his wishes and interests considered in the appointment.

PROBATE APPEAL.　Heard on exception of petitioners and sustained.

SWEETLAND, C. J.　This is an appeal from a decree of the Probate Court of Coventry denying the petition of Alberic A. Archambault and Raoul Archambault, associated in the practice of law under the style of Archambault and Archambault. In this petition they pray that an allowance out of the estate of John W. Rathbun be made to them for professional services rendered to the said John W. Rathbun and for money expended by them in his behalf.

The appeal was heard before a justice of the· Superior Court sitting without a jury and said justice rendered a decision sustaining the decree of the probate court. The cause is before us upon the petitioners' exception to said decision.

It appears that John W. Rathbun, of full age, was on April 6, 1918, adjudged by said Probate Court of Coventry to be a person of unsound mind and one who, from want of discretion in managing his estate, so spends, wastes and lessens his estate that he may bring himself and his family to want and suffering and may render himself and family chargeable upon the town for support; and on said day his son Ralph Rathbun was appointed guardian of his person and estate.

At some time prior to July 14, 1919, said Ralph Rathbun filed in said probate court his petition asking for leave to resign as such guardian, which petition was not heard by the probate court, but on July 14, 1919, was withdrawn by the petitioner. At some time prior to November 10, 1919, Ralph Rathbun again filed in said probate court a petition asking for leave to resign as such guardian and for the appointment in his stead of his sister, Leila A. Rathbun, a daughter of said John W. Rathbun. On November 10, 1919, in said probate court the petition was granted and said Leila A. Rathbun was appointed guardian of the person and estate of John W. Rathbun. On November 6, 1919, said John W. Rathbun by his next friend filed his petition in said probate court asking that he be discharged from guardianship over his person and estate, on the ground that he was capable of managing his own estate and that such guardianship was no longer necessary. On December 8, 1919, this petition of John W. Rathbun was denied by said court.

The appellants claim that through Alberic A. Archambault, Esq., they acted as attorney for John W. Rathbun before said probate court in the last three proceedings mentioned above, i. e., in the first petition of Ralph Rathbun for leave to resign, in the petition for the appointment of Leila A. Rathbun and in the petition of said John W. Rathbun for a discontinuance of the guardianship. The appellants petitioned the probate court to make them an allowance out of the estate of John W. Rathbun for their services and for money expended by them, the same to be paid them by his guardian, as follows: fifty dollars for their services in each of said petitions and one hundred and fifty dollars for the cost of the services of four physicians employed by them as experts in connection with the petition of said John W. Rathbun asking that he be discharged from guardianship.

The appellants base their request for an allowance upon the provisions of Section 12, Chapter 321, General Laws, 1909. Section 7 of said Chapter 321 gives to probate courts

jurisdiction to appoint a guardian over persons of full age for the reasons stated in said Section 7.   Section 12, Chapter 321, is as follows: "Sec. 12.   If a guardian is appointed for any person liable to be put under guardianship under the provisions of section seven, the court shall make an allowance, to be paid by the guardian, for all reasonable expenses incurred in prosecuting or in defending against the petition."

Said justice refused to disturb the decree of the probate court on the ground that said Section 12 does not authorize an allowance from the estate of the ward on account of any item in the appellants' claim.

In order that the appellants may avail themselves of said Section 12 and thus obtain the payment of their claim through the immediate order and decree of the probate court it must appear that the substance of their claim comes within the purview of that section.   The probate court must find that the charges for professional services and for money expended for the benefit of the ward are fairly within the designation of reasonable expenses incurred in defending against a petition for the appointment of a guardian for this person of full age.   The appellants' services in connection with the petition of Ralph Rathbun for leave to resign as guardian clearly were not rendered in connection with the (1) defence of a petition for the appointment of a guardian, nor were the services rendered and the money expended by the appellants in connection with the petition of the ward to be released from guardianship.   As to those items of the appellants' claim, if they are recoverable at all, recovery must be sought in some proceeding other than by direct application to the probate court for an allowance under the provisions of said Section 12.

The appellants' claim for services in connection with the appointment of Leila A. Rathbun as guardian appears to us to stand in a different situation with relation to the statute. If said section be given a liberal construction this item may fairly be said to come within its remedial provisions.   If the appellants establish that they rendered services in that

proceeding then fair compensation for such services would be included in the reasonable expenses incurred in defending against the petition for the appointment of Miss Rathbun. The guardian contends that the appointment of a guardian referred to in Section 12 is restricted to the original appointment and that it is only for expenses incurred in defending against the original petition that the probate court may make an allowance under this section of the statute. Before taking action upon the petition for the appointment of Miss Rathbun the probate court was required by statute to serve notice of the petition upon the intended ward, John W. Rathbun, in person, at least fourteen days before such action. This notice was given that he might appear in person and be heard upon the petition or that he might have counsel to represent him and protect his interests. It is true that the question of the necessity for guardianship had been determined in the original petition but if a new guardian was to be appointed in place of the son Ralph, the ward was entitled to have his wishes and his interests considered in the selection of a successor. It appears from the evidence that in the original petition the probate court adjudged that John W. Rathbun was of unsound mind and also that he was a spendthrift. Whether each ground for the application weighed equally with the probate court in its finding we are unaware, but it does appear that at about the time of the appointment of Miss Rathbun, the ward, according to the testimony of certain medical witnesses, was of sound mind and capable of managing his own affairs. Although this opinion was contrary to that of certain other medical witnesses we are justified in the conclusion that John W. Rathbun was possessed of a certain mental capacity and it would be reasonable under the facts before us to permit Mr. Rathbun to appear in his own proper person at the hearing upon the petition to appoint his daughter as his guardian. This is in accord with the practice permitted in *Pratt* v. *Court of Probate of Pawtucket*, 22 R. I. 596; *Bennett* v. *Randall*, 28 R. I. 360 and *Brown* v. *Probate Court of War-*

wick, 28 R. I. 370, which practice has been approved in Champlin v. Probate Court of Exeter, 37 R. I. 349. Mr. Rathbun should also be permitted to obtain the assistance of counsel at such hearing and fair compensation for the services of such counsel would be included in the reasonable expenses of defending against said petition.

We are of the opinion that the justice of the Superior Court was in error in holding that said Section 12 was without application to the appellants' claim for services rendered in connection with the petition for the appointment of the present guardian, Leila A. Rathbun.

The appellants' exception is sustained. The case is remitted to the Superior Court for a new trial. At such new trial, if it shall be found that the appellants performed services in behalf of John W. Rathbun in connection with the application for the appointment of his present guardian, then the Superior Court should make such an allowance as shall seem to it to be a reasonable compensation for such services, to be paid by the guardian.

*Archambault & Archambault, Joshua Bell*, for appellants.
*Albert B. West*, for appellee.