Patricia M. LYONS et al.

v.

**TOWN OF SCITUATE et al.**

No. 87–366–A.

Supreme Court of Rhode Island.

March 3, 1989.

Arthur E. Chatfield, III, Providence, for plaintiff.

James A. Ruggieri, Kenneth P. Borden, John L. Capone, Higgins, Cavanagh & Cooney, Providence, for defendants.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on the plaintiff's, Patricia M. Lyons, appeal from a judgment for the defendants entered in the Superior Court after granting the defendants' motion for summary judgment. We affirm.

The plaintiffs, Patricia M. Lyons and Jeffrey H. Ogert, filed suit on February 26, 1986. They alleged that, under 42 U.S.C. § 1983, their civil rights were violated when they sustained personal injuries as a result of an assault and battery by defendant, Michael Calenda, a subordinate offi-

cer and patrolman of the town of Scituate police department. These injuries were sustained on January 28, 1983. In count 2 of their complaint plaintiffs sought relief under G.L.1956 (1985 Reenactment) § 9–1–2, alleging that Calenda assaulted and battered plaintiffs, causing "physical injury, together with great pain and suffering of mind and body, lost earning capacity, lessened esteem in the community and a diminished quality of life." In April of 1987 defendants—the town of Scituate; Robert Harris, treasurer; William J. Lawton, individually and in his capacity as chief of police of the town of Scituate; Michael Calenda, individually and as a police officer of the Scituate police department; and John Doe 1–10, individually and as police officers of the Scituate police department—moved for summary judgment, arguing that the statute of limitations had expired prior to the commencement of this action. The trial justice granted this motion, finding that the complaint is ostensibly an action for "injuries to the person" and therefore is limited by the § 9–1–14(b) three-year statute of limitations. The plaintiff Patricia M. Lyons appeals only the dismissal of count 2 of her complaint.

In this appeal we must decide whether an action brought under § 9–1–2 is subject to the statute of limitations set forth in § 9–1–13(a) or § 9–1–14(b).[1]

The plaintiff claims that an action brought under § 9–1–2 is not simply an action for personal injury based on tort law but is rather a distinct and separate cause of action. She contends that the appropriate statute of limitations is not § 9–1–14(b), which is limited to "[a]ctions for injuries to the person," but rather § 9–1–13(a), which is a "catch all" limitation on actions not otherwise provided for in the statutory scheme.

1. General Laws 1956 (1985 Reenactment) § 9–1–2 states in part:
"Whenever any person shall suffer any injury to his person, reputation or estate, by reason of the commission of any crime or offense, he may recover his damages for such injury in a civil action against the offender, and it shall not be any defense to such action that no criminal complaint for such crime or offense has been made * * *."

Section 9–1–13(a) states:
"Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after."
Section 9–1–14(b) states:
"Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

 We have stated that § 9–1–2 is an enabling act giving a person injured as a result of a crime or offense a right of action where none existed at common law. *DaCosta v. Rose*, 70 R.I. 163, 167, 37 A.2d 794, 796 (1944). Prior to 1904 a victim of a crime or offense could not bring an action for injuries until after criminal proceedings had been instituted or proper complaint made and process issued thereon. *Id.* Section 9–1–2 creates a new right of action in that a victim can bring an action for damages for injuries even if no criminal complaint for the crime or offense has been filed. However, it does not create a distinct cause of action for purposes of determining the appropriate statute of limitations.

Our analysis of § 9–1–14(b) is guided by *Commerce Oil Refining Corp. v. Miner*, 98 R.I. 14, 199 A.2d 606 (1964), where this court construed the phrase "injuries to the person." We stated that

"the phrase 'injuries to the person' as used in the instant statute [§ 9–1–14] is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property." *Id.* at 20–21, 199 A.2d at 610.

In that case we concluded that an action for malicious use of process was an action for "injuries to the person" within the meaning of § 9–1–14. "Injuries to the person" also encompasses actions for written defamation or libel, *Mikaelian v. Drug Abuse Unit*, 501 A.2d 721 (R.I.1985); actions for injuries to personal dignity, *Partin v. St. Johnsbury Co.*, 447 F.Supp. 1297 (D.R.I.1978); civil rights actions under 42 U.S.C. § 1983, *Walden, III, Inc. v. State of Rhode Island*, 576 F. 2d 945 (1st Cir.1978),

and grievance suits by a union member for failure of the union to represent him fairly, *McDonald v. Rhode Island General Council*, 505 A.2d 1176 (R.I.1986). However, "injuries to the person" does not apply to actions for attorney malpractice, *Church v. McBurney*, 513 A.2d 22 (R.I.1986), or to actions seeking recovery under an uninsured-motorist clause of an insurance policy, *Pickering v. American Employees Insurance Co.*, 109 R.I. 143, 282 A.2d 584 (1971). These latter cases are distinguishable because, although the plaintiffs in those actions suffered personal injuries, the nature of the right actually being sued upon is one arising from a contract relationship. *See Church v. McBurney*, 513 A.2d at 24, and *Commerce Oil Refining Corp.*, 98 R.I. at 21, 199 A.2d at 610 (it is "the nature of the right invaded and not the elements of damage resulting therefrom that determines its character as an injury to the person"). However, an action for personal injuries arising out of medical malpractice is subject to a statutory period of three years even though it sounds in contract. *See* § 9–1–14.1; *see also Griffin v. Woodhead*, 30 R.I. 204, 74 A. 417 (1909).

 In this case, although plaintiff Lyons seeks relief under § 9–1–2, the nature of her claim arises out of an alleged assault and battery for which she is entitled to relief "by reason of being a person in the eyes of the law." *Commerce Oil Refining Corp.*, 98 R.I. at 20, 199 A.2d at 610. The plaintiff's physical injuries, pain and suffering, lost earning capacity, lessened esteem in the community, and diminished quality of life all stem from the injuries allegedly inflicted upon her by defendants. There is no peculiar status or contractual relationship between the parties creating an alternative right upon which plaintiff might sue. Thus, the limitation period set forth in § 9–1–14 for "injuries to the person" is the appropriate statute of limitations.

As the statute of limitations for this plaintiff's action has expired, there is no genuine issue of any material fact and defendants are entitled to judgment as a matter of law. *O'Coin v. Woonsocket Institu-*

*tion Trust Co.,* 535 A.2d 1263, 1263 (R.I. 1988); *Violet v. Travelers Express Co.,* 502 A.2d 347, 349 (R.I.1985). Therefore, we find that the trial justice did not err in granting defendants' motion for summary judgment.

For these reasons the appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

KELLEHER, J., did not participate.