John F. McBURNEY

v.

Joseph J. ROSZKOWSKI.

No. 95–559–Appeal.

Supreme Court of Rhode Island.

Jan. 8, 1997.

Richard H. James, Pawtucket, for Plaintiff.

John T. Walsh, Jr., Lawrence P. McCarthy, Providence, for Defendant.

## OPINION

PER CURIAM.

This case presents the following question of law: Is the tort of intentional interference with a contract an "injury to the person" and thereby subject to a three-year statute of limitations under G.L.1956 § 9–1–14(b), or is it a property interest created by a contract and thus subject to a ten-year statute of limitations under § 9–1–13(a)?

This matter came before the Supreme Court for oral argument on December 4, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, John F. McBurney (plaintiff), appealed from a Superior Court order granting the motion for summary judgment of the defendant, Joseph J. Roszkowski (defendant). After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The pertinent facts are as follows. On June 14, 1994, plaintiff, a practicing attorney in the State of Rhode Island, filed a complaint against defendant, also a practicing attorney in Rhode Island, alleging interference with a contractual relationship. The plaintiff claimed that on or about June 9, 1989, he conveyed a settlement offer of $60,000 to one Shirley Salerno (Salerno), with whom plaintiff had an attorney-client contract by which he had agreed to represent Salerno in a motor-vehicle accident. The plaintiff alleged that upon defendant's advice, Salerno rejected the offer, discharged plaintiff, and retained defendant as her attorney.

The defendant filed a motion for summary judgment on the grounds that plaintiff's claim was barred by the three-year statute of limitations as set forth in § 9–1–14(b).[1] In responding to defendant's motion, plaintiff argued that a claim for tortious interference with a contract does not represent an injury to the person and thus is not subject to the three-year statute of limitations under § 9–1–14(b). Rather, plaintiff contended, this action alleged a right that arose from plaintiff's interest created by the contract with Salerno and was therefore an action subsumed under the "not otherwise provided for" provision of the ten-year statute of limitations set forth in § 9–1–13(a).[2] The trial justice determined that plaintiff's claim for tortious interference with a contractual relationship was an injury to the person and therefore was subject to the three-year statute of limitations under § 9–1–14(b). Consequently, defendant's motion for summary judgment was granted. We are of the opinion that the trial justice erred in determining that defendant's actions amounted to an injury to the person subject to the three-year statute of limitations set forth in § 9–1–14(b). Rather, we hold that the appropriate statute-of-limitations period to be applied in this cause of action is the ten-year statute-of-limitations period set forth in § 9–1–13(a).

In *Commerce Oil Refining Corp. v. Miner,* 98 R.I. 14, 199 A.2d 606 (1964), this Court rendered a detailed interpretation of the phrase "injuries to the person" referred to in § 9–1–14(b):

"It is then our conclusion that the phrase 'injuries to the person' as used in the instant statute is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in

---

1. General Laws 1956 § 9–1–14, in pertinent part, reads,

   "(b) Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

2. Section 9–1–13, in pertinent part, reads,

   "(a) Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after."

the eyes of the law. *Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property.*" (Emphasis added.) 98 R.I. at 20–21, 199 A.2d at 610.

The scope of the definition of "injuries to the person" as set forth in *Commerce Oil* was reviewed several years later in *Pickering v. American Employers Insurance Co.,* 109 R.I. 143, 282 A.2d 584 (1971). There we held that an insured motorist who was injured in an automobile accident by an uninsured motorist could sue her own insurance company, despite the fact that the then-two-year-statute-of-limitations period described in § 9–1–14 had expired. In concluding that the suit was contractual in nature and governed by § 9–1–13, the Court reasoned that:

> "Although a tortious injury is an incidental element in the insured's suit against [her] insurer over a policy contract, the action is fundamentally one in contract. The plaintiff here would have no action if it were not for the coverage provided by her insurance policy." *Pickering,* 109 R.I. at 150, 282 A.2d at 588.

In the instant case, any rights that may have accrued to the plaintiff did so by reason of his contractual relationship with Salerno. But for this contractual relationship, there would be no cause of action for tortious interference with a contractual relationship. Therefore, just as in *Pickering,* this action though tortious, arises out of a contractual relationship. As such, the plaintiff's right to maintain this suit is governed by the ten-year statute-of-limitations period set forth in § 9–1–13(b). Because the ten-year period had not expired at the time the plaintiff filed this action, the trial justice erred in granting the defendant's motion for summary judgment.

For the foregoing reasons, the appeal is sustained, the order appealed from is reversed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.