Charles AUSTIN

v.

Richard CARDEN et al.

No. 2002–11–Appeal.

Supreme Court of Rhode Island.

March 10, 2003.

Charles Austin, pro se.

Kenneth J. Macksoud/Michael R. DeLuca/Matthew D. Rocheleau, for Defendant.

Present: WILLIAMS, C.J., and FLANDERS, and GOLDBERG, JJ.

## OPINION

### PER CURIAM.

Charles Austin, the *pro se* plaintiff, appeals the entry of summary judgment in favor of the defendants, Richard Carden (Carden), and Margarette and Marchelle Jacques (the Jacqueses) (collectively, the defendants). The plaintiff argues on appeal that the trial justice erred in finding that the statute of limitations barred his suit. This case came before the Supreme Court for oral argument on January 21, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. When the plaintiff failed to appear at the scheduled oral argument, the Court announced that it would decide this case without oral argument, based on the papers submitted, pursuant to Rule 22(f) of the Supreme Court Rules of Appellate Procedure. After considering the record and the parties' memoranda, we conclude that cause has not been shown and we affirm the entry of summary judgment.

## I

### Facts and Travel

This case stems from plaintiff's arrest for disorderly conduct on October 2, 1993. On that day, plaintiff borrowed Carden's car to visit his wife, who was residing with the Jacqueses. Margarette Jacques answered the door and plaintiff allegedly threatened her. Margarette Jacques called the police, reporting that plaintiff was standing outside with a gun, threatening his wife and the Jacqueses. The police arrested plaintiff and charged him with disorderly conduct. The plaintiff was found not guilty on November 16, 1993.

On August 16, 2000, plaintiff filed this action for libel, slander, loss of consortium, and malicious prosecution, alleging that defendants provided false statements to the police and had testified falsely at his trial.[1] The trial justice, upon defendants' motion for summary judgment, carefully considered when each of plaintiff's causes of action had accrued and found that the statute of limitations period on each claim had elapsed. The trial justice noted that the evidence did not indicate that plaintiff was of unsound mind at the time his action accrued and granted plaintiff a continuance so he could provide additional evidence. When plaintiff failed to submit such evidence, the trial justice granted summary judgment in favor of defendants. Separate final judgments were entered in June 2001.

## II

### Standard of Review

This Court reviews the grant of summary judgment *de novo*, applying the same rules and analysis as those applied by the trial justice. *See Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). We will affirm a trial justice's grant of summary judgment when, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment

---

1. The plaintiff alleged that defendants had committed libel, slander, and "Obstruction of the Judicial System" by making a false report of a crime to the police on October 2, 1993.

For the purpose of clarity, we shall assume that this latter claim is one of malicious prosecution and refer to it accordingly.

as a matter of law. *Id.* Moreover, a party opposing a summary judgment motion may not simply rest on the allegations and denials in its pleadings, but must prove by competent evidence the existence of a disputed material issue of fact. *Id.*

■ The plaintiff's complaint alleged slander, libel, and malicious prosecution. General Laws 1956 § 9–1–14(a) provides that "[a]ctions for words spoken shall be commenced and sued within one year next after the words spoken, and not after." The plaintiff's remaining claims are subject to the three-year limitation on actions for injuries to the person provided for in § 9–1–14(b). *See Lyons v. Town of Scituate,* 554 A.2d 1034, 1036 (R.I.1989) ("injuries to the person" also encompasses actions for malicious use of process and written defamation or libel). Here, plaintiff's cause of action accrued when the allegedly defamatory words were spoken and the allegedly false testimony was given, to wit, not later than November 16, 1993, the date of his trial. The plaintiff did not file suit until nearly seven years later, well outside the statutory period. Thus, the trial justice did not err in finding that defendants were entitled to summary judgment as a matter of law. The plaintiff's suit clearly was barred by the statute of limitations.

■ The plaintiff argued that the statute of limitations should have been tolled because he suffered from a mental disability, citing § 9–1–19 which provides in pertinent part:

"If any person at the time any such cause of action shall accrue to him or her shall be * * * of unsound mind, * * * the person may bring the cause of action, within the time limited under this chapter, after the impediment is removed."

The evidence submitted by plaintiff in opposition to defendants' motion for summary judgment, however, failed to establish that a dispute of material fact existed about whether he was of unsound mind at the time his action accrued. As a preliminary matter, we note that the trial justice provided plaintiff ample opportunity to submit such evidence. She not only explained that additional evidence was required because the evidence submitted did not cover the period when plaintiff's cause of action accrued, but she also granted him a continuance to gather such evidence, stating that:

"[w]hat we are missing here is something to demonstrate that from the period of the incident, which is in * * * October or November 1993 thru [*sic*] the period of the spring of 1994, you were of unsound mind. As I understand it, the statute requires that the disability be in place at the time the cause of action accrues."

The evidence in the record, however, does not encompass the period of October and November 1993.

■ Furthermore, the submitted evidence does not establish that plaintiff was of unsound mind. This Court has explained that " 'the inability to manage one's day-to-day affairs' provides a practical, operational definition of unsound mind." *Roe v. Gelineau,* 794 A.2d 476, 486 (R.I.2002) (citing *In re Estate of Rathbun,* 44 R.I. 101, 105, 115 A. 705, 706 (1922)). Moreover, "[e]xceptions in statutes of limitations in favor of persons laboring under disabilities are strictly construed." *Id.* at 487 (quoting *Kenyon v. United Electric Railways Co.,* 51 R.I. 90, 94, 151 A. 5, 8 (1930)).

■ As proof of unsound mind, the plaintiff submitted various documents indicating that he repeatedly was treated for

depression and colitis.[2] Although we are sympathetic to the plaintiff's ill health, the evidence in the record did not establish that the plaintiff was unable to manage his day-to-day affairs. Although a psychiatrist report indicates that the plaintiff, in 1997, manifested "many symptoms of anxiety and of depression," the plaintiff put forth no evidence that he "was unable to comprehend or exercise his right to undertake litigation * * *." *Johnson v. Newport County Chapter for Retarded Citizens*, 799 A.2d 289, 291 (R.I.2002). We note that the plaintiff was competent to enter a plea and stand trial for the 1993 disorderly conduct charge that is the source of this litigation. Moreover, the plaintiff's proffered evidence of two separate failed attempts to start small businesses and a sworn affidavit that he was incapable of maintaining a job is not equivalent to an incapability of managing day-to-day affairs.

## Conclusion

Therefore, having reviewed the record, we agree with the trial justice that the evidence submitted, even when viewed in the light most favorable to the plaintiff, does not support a finding that the plaintiff was of unsound mind for the purposes of § 9–1–19. The plaintiff's action is barred by the statute of limitations. The plaintiff's appeal is denied and dismissed and the Superior Court's entry of judgment for the defendants is affirmed. The papers in this case may be returned to the Superior Court.

2. The plaintiff, in his brief to this Court, explained that he failed to submit an expert opinion because he was unable to pay for one, stating that "Plaintiff is still in the process of trying to acquire the two hundred [d]ollars which he hopes to get by the time a brief is submitted with the Supreme Court." Any such additional evidence, however, would have been unavailing. This Court will not consider evidence that is not part of the trial court's record. See *State v. Brouillard*, 745 A.2d 759, 765 (R.I.2000).