**Supreme Court**

No. 2014-239-Appeal.
(KC 14-316)

Melissa E. Goddard            :

v.             :

APG Security-RI, LLC, alias John Doe     :
      Corporation et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Melissa E. Goddard          :

v.                :

APG Security-RI, LLC, alias John Doe   :
Corporation et al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** Which period of limitation applies to a civil action alleging a violation of the employer drug testing statute (EDTS)[1]—ten years as provided in G.L. 1956 § 9-1-13(a)[2] or three years as provided in § 9-1-14(b)[3]—is the central question of this appeal. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issue raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further

---

[1] The statute governing drug testing by employers is set forth in G.L. 1956 § 28-6.5-1(a) and provides, in pertinent part, that:

> "(a) No employer or agent of any employer shall, either orally or in writing, request, require, or subject any employee to submit a sample of his or her urine, blood, or other bodily fluid or tissue for testing as a condition of continued employment unless that test is administered in accordance with the provisions of this section."

[2] General Laws 1956 § 9-1-13(a) provides that "[e]xcept as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after."

[3] Section 9-1-14(b) provides, in pertinent part, that "[a]ctions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after * * *."

briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Procedural History

On March 27, 2014, Melissa Goddard (plaintiff) filed a complaint against APG Security-RI, LLC, as well as against Scott Hemingway and Anna Vidiri in their capacities as employees/agents of APG Security-RI, LLC (collectively, defendants). The complaint alleged that, in January 2010, when plaintiff was employed as a security guard by APG Security-RI, LLC, defendants violated G.L. 1956 § 28-6.5-1 when they required her to submit to a drug test without the reasonable grounds set forth by the statute and subsequently terminated her employment based on the result of that test. The plaintiff sought damages pursuant to both the EDTS and § 9-1-2.[4] The defendants responded to plaintiff's complaint with a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, in which they asserted that the complaint was not timely filed. A hearing justice of the Superior Court held a hearing on June 9, 2014, at which defendants argued that the three-year statute of limitations in § 9-1-14(b) applied to civil actions arising out of alleged violations of the EDTS, and plaintiff argued that the ten-year statute of limitations in § 9-1-13(a) applied instead. The hearing justice agreed with

---

[4] Section 9-1-2 provides that:
> "Whenever any person shall suffer any injury to his or her person, reputation, or estate by reason of the commission of any crime or offense, he or she may recover his or her damages for the injury in a civil action against the offender, and it shall not be any defense to such action that no criminal complaint for the crime or offense has been made; and whenever any person shall be guilty of larceny, he or she shall be liable to the owner of the money or articles taken for twice the value thereof, unless the money or articles are restored, and for the value thereof in case of restoration."

defendants and found that the three-year statute of limitations in § 9-1-14(b) governed plaintiff's cause of action. The hearing justice also found that the statute of limitations began to run from the date that the drug test was administered, and that plaintiff's complaint had been filed more than three years after the administration of the drug test. Accordingly, the hearing justice granted defendants' motion and dismissed plaintiff's complaint. The plaintiff filed a premature notice of appeal, which we nevertheless deem to be timely. See Miller v. Saunders, 80 A.3d 44, 47 n.8 (R.I. 2013).[5]

## II

### Standard of Review

"In reviewing the grant of a motion to dismiss pursuant to Rule 12(b)(6), this Court applies the same standard as the hearing justice." Ho-Rath v. Rhode Island Hospital, 115 A.3d 938, 942 (R.I. 2015) (quoting Woonsocket School Committee v. Chafee, 89 A.3d 778, 787 (R.I. 2014)). "Because the sole function of a motion to dismiss is to test the sufficiency of the complaint, our review is confined to the four corners of that pleading." Id. (quoting Chafee, 89 A.3d at 787). "We will 'assume[] the allegations contained in the complaint to be true and view[] the facts in the light most favorable to the plaintiffs.'" Id. (quoting Chafee, 89 A.3d at 787). "A motion to dismiss is properly granted when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." Id. (quoting Chafee, 89 A.3d at 787).

This appeal also presents us with a question of law regarding which of two general civil action statutes of limitations will apply to causes of action arising from alleged violations of the EDTS. It is well settled that "'[t]he question of whether a statute of limitations has run against a

---

[5] The order granting defendants' motion to dismiss entered on June 12, 2014; the final judgment entered "nunc pro tunc" on October 20, 2014.

plaintiff<sup>[']</sup>s claim is * * * a question of law,' which this Court reviews <u>de novo</u>." <u>Ho-Rath</u>, 115 A.3d at 942-43 (quoting <u>Balletta v. McHale</u>, 823 A.2d 292, 294 (R.I. 2003)). "[T]his Court [also] reviews questions of statutory construction and interpretation <u>de novo</u>." <u>Id.</u> at 943 (quoting <u>National Refrigeration, Inc. v. Capital Properties, Inc.</u>, 88 A.3d 1150, 1156 (R.I. 2014)).

### III

### Discussion

The plaintiff argues that the ten-year statute of limitations in § 9-1-13(a) should apply to alleged violations of the EDTS because § 9-1-13(a) specifically states that the ten-year statute of limitations applies "[e]xcept as otherwise specially provided," the EDTS does not indicate the applicable statute of limitations, and none of the other established statutes of limitations apply. The plaintiff also argues that actions brought pursuant to the EDTS do not meet this Court's common law definition of § 9-1-14(b)'s "injuries to the person" because "the legislature intended the rights created in the [EDTS] to accrue to an individual by reason of a peculiar status and not as rights to which one is entitled by reason of being a person in the eyes of the law." The plaintiff asserts that § 9-1-14(b) does not apply, therefore, because "the right to be free from unreasonable drug testing is a right that accrues to an individual by reason of a peculiar status * * *." The plaintiff contends that the "peculiar statuses" in question are created by the separate sections within the EDTS that delineate different drug testing rules for employees as opposed to job applicants.

The defendants counterargue that the three-year statute of limitations in § 9-1-14(b) applies because a violation of the rights protected by the EDTS results in an injury to the person as defined by this Court and because plaintiff's rights do not arise from any peculiar status. The defendants assert that "the rights conferred and protected by the [EDTS] are * * * analogous" to

civil rights even though the EDTS rights are not "'civil right[s]' in the classical sense of th[e] term." The defendants also argue that the application of the three-year limit on causes of action arising out of alleged violations of the EDTS is "consistent with the General Assembly's use of short limitations periods in other employment-related statutes" and supports the policy considerations in favor of short statutes of limitations in the employment context.

The EDTS provides employees with a right to be free from drug tests that are not administered in accordance with the process set forth within the statute. See § 28-6.5-1(a). The EDTS sets out several conditions under which an employer may request, require, or subject an employee to a drug test using a sample of the employee's blood, urine, or other bodily fluids. Id. A violation of the EDTS can lead to a misdemeanor conviction of the employer as well as to an award of punitive damages, attorney's fees, costs, and injunctive relief in favor of an employee-plaintiff in a civil action against the employer. Section 28-6.5-1(b), (c). The EDTS does not, however, provide a limitation on the time in which an employee has to bring a civil action. See § 28-6.5-1.

When a statute creates a civil remedy for its violation but is silent regarding the applicable limitations period, we have often decided between one of two residual statutes of limitations provided in chapter 1 of title 9: either the three years provided in § 9-1-14(b) or the ten years provided in § 9-1-13(a). See Paul v. City of Woonsocket, 745 A.2d 169, 169, 172 (R.I. 2000) (holding that § 9-1-14(b) applied to a cause of action filed pursuant to 42 U.S.C. § 1983 to recover payment of an allegedly improper water tapping fee); Lyons v. Town of Scituate, 554 A.2d 1034, 1035, 1036 (R.I. 1989) (holding that the statute of limitations in § 9-1-14(b) applied to recovery sought pursuant to § 9-1-2). Section 9-1-14(b) provides, in relevant part, that "[a]ctions for injuries to the person" must be initiated within three years from the date that the

cause of action accrued. We have previously held that the phrase "'injuries to the person' * * * is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical." Commerce Oil Refining Corp. v. Miner, 98 R.I. 14, 20, 22, 199 A.2d 606, 610 (1964) (Commerce Oil) (determining that an action for malicious prosecution was to be considered an injury to the person and therefore subject to the statute of limitations in § 9-1-14). In Commerce Oil, we commented that the purpose of the phrase "injuries to the person" is:

> "to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property." Id. at 20-21, 199 A.2d at 610.

We have repeatedly applied the framework established in Commerce Oil to determine which statute of limitations applies to various causes of action. See, e.g., Paul, 745 A.2d at 172; McBurney v. Roszkowski, 687 A.2d 447, 448-49 (R.I. 1997) (holding that an action for intentional interference with a contract was subject to the ten-year statute of limitations); Church v. McBurney, 513 A.2d 22, 23, 24, 26 (R.I. 1986) (holding that actions for legal malpractice were essentially claims for negligent breach of contract and were therefore subject to the statute of limitations in § 9-1-13); Mikaelian v. Drug Abuse Unit, 501 A.2d 721, 724 (R.I. 1985) (holding that the statute of limitations in § 9-1-14(b) applied to actions for libel because "the right * * * to be free from defamatory statements [was] among those rights to which one is entitled by reason of being a person, as opposed to a right arising out of contract or property"). Clearly plaintiff has not alleged the invasion of a right or an interest created by contract or property. Her ability to avail herself of the ten-year statute of limitations, therefore, turns on her

claim that her right to recovery for a violation of the EDTS accrues to her "by reason of some peculiar status"—the peculiar status being that of an employee. Thus, she contends that violations of the EDTS are an exception to the definition of "injuries to the person" that this Court has applied since Commerce Oil.

Since our pronouncement in Commerce Oil, we have not had an occasion to either define or apply the "peculiar status" exception to the comprehensive construction that we have afforded the language "injuries to the person" under § 9-1-14(b). We have, however, consistently emphasized that "it is the nature of the right invaded and not the elements of damage resulting therefrom that determines its character as an injury to the person." Nappi v. John Deere & Co., 717 A.2d 650, 651 (R.I. 1998) (mem.) (quoting Pirri v. Toledo Scale Corp., 619 A.2d 429, 431 (R.I. 1993)); Lyons, 554 A.2d at 1036 (quoting Commerce Oil, 98 R.I. at 21, 199 A.2d at 610); Church, 513 A.2d at 24 (quoting Commerce Oil, 98 R.I. at 21, 199 A.2d at 610).

The plaintiff has essentially alleged a violation of her right to be free from drug testing that is not conducted in accordance with the mandates set forth in the EDTS. See § 28-6.5-1. We agree with plaintiff that the EDTS creates a right for employees to be free from drug testing policies and procedures that do not comply with the statute. When we consider our previous applications of § 9-1-14(b)'s "injuries to the person" pursuant to the definition expounded in Commerce Oil, however, we conclude that the nature of the right created by the EDTS is analogous to an invasion of privacy and thus one to which plaintiff was "entitled by reason of being a person in the eyes of the law" and not by virtue of any "peculiar status" or by reason of "an interest created by contract or property." Commerce Oil, 98 R.I. at 20-21, 199 A.2d at 610; see also Mikaelian, 501 A.2d at 724. As in our previous cases involving the Commerce Oil framework, the injuries sustained from a violation of the EDTS are not necessarily physical and

- 7 -

indeed need not be physical in order for § 9-1-14(b) to apply. <u>See</u>, <u>e.g.</u>, <u>Mikaelian</u>, 501 A.2d at 724. We hold, therefore, that violations of the EDTS result in "injuries to the person" as contemplated by § 9-1-14(b) and, accordingly, are subject to this three-year statute of limitations and not to the ten-year period provided in § 9-1-13(a).

We note that our conclusion is consistent with statutes of limitations that the General Assembly has promulgated for other employment-related claims. For example, the Fair Employment Practices Act, G.L. 1956 chapter 5 of title 28, provides only one year to file a charge with the commission for human rights, and thereafter the commission has two years to issue a complaint. Section 28-5-17(a); § 28-5-18(b). The Whistleblowers' Protection Act, G.L. 1956 chapter 50 of title 28, provides an explicit three-year statute of limitations, § 28-50-4(a), and the Civil Rights Act of 1990, G.L. 1956 chapter 112 of title 42, also limits civil litigation to three years after the alleged violation of the statute. Section 42-112-2. As a matter of public policy, these statutes demonstrate the General Assembly's preference for applying relatively short statutes of limitations to employment-related claims.[6]

The plaintiff also sought damages pursuant to § 9-1-2. While the EDTS is silent with respect to the applicable statute of limitations, we have previously held that § 9-1-2—the statute providing civil liability for the victims of criminal offenses—was subject to the limitations period set forth in § 9-1-14(b) because "[t]here is no peculiar status or contractual relationship between the parties creating an alternative right upon which plaintiff might sue." <u>Lyons</u>, 554 A.3d at 1036. Since we have previously held that actions for civil liability enabled by § 9-1-2 for the victims of criminal offenses—which would include the misdemeanor offense created by the

---

[6] We also note that the statute of limitations for the misdemeanor offense created by § 28-6.5-1(b) is three years. <u>See</u> G.L. 1956 § 12-12-17(c) (providing that the statute of limitations for any criminal offense not enumerated in paragraphs (a) or (b) is three years "unless a longer statute of limitations is otherwise provided for in the general laws").

EDTS—are subject to the three-year statute of limitations, we also hold that actions brought pursuant to § 9-1-2 for an alleged violation of § 28-6.5-1 are subject to the three-year statute of limitations provided in § 9-1-14(b). See Lyons, 554 A.2d at 1036.

**IV**

**Conclusion**

Because the plaintiff filed her complaint more than three years after the alleged violation of the EDTS, her claims pursuant to both the EDTS and § 9-1-2 are time-barred. Accordingly, we affirm the Superior Court's judgment, and we remand the record of this case to the Superior Court.



**TITLE OF CASE:**       Melissa E. Goddard v. APG Security-RI, LLC, alias John Doe Corporation et al.

**CASE NO:**              No. 2014-239-Appeal.
(KC 14-316)

**COURT:**                Supreme Court

**DATE OPINION FILED:**   March 7, 2016

**JUSTICES:**             Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**           Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**     Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff:  David R. Comerford, Esq.
                Frank R. Saccoccio, Esq.

For Defendants:  Mark A. Pogue, Esq.